**Alfredo GOMEZ–GIL, Plaintiff,**

v.

**UNIVERSITY OF HARTFORD, Dean Sue A. Blanshan, Defendants.**

**No. 3:95CV02405(WWE).**

United States District Court,
D. Connecticut.

Aug. 3, 1999.

Jose L. DelCastillo, DelCastillo & Assoc., Hartford, CT, for Plaintiff.

Jeffrey C. Pingpank, Cooney, Scully & Dowling, Peter C. Wendzel, Wiggin & Dana, Hartford, CT, for Defendants.

### RULING ON DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

### INTRODUCTION

This case arises out of plaintiff's cessation of employment from defendant University of Hartford in July, 1995. In the eleven counts of the complaint, plaintiff seeks relief under Title VII, 42 U.S.C., 2000e *et seq.*; Section 1981 of the Civil Rights Act of 1964, as amended 1991; and numerous supplemental state law claims. Plaintiff claims that he was the victim of unlawful employment practices on the basis of sex and national origin (Spanish). In May, 1997, a Motion for Partial Summary Judgment was filed by defendants. On July 23, 1998, the Honorable Janet C. Hall ruled on that Motion, granting the defendants' motion as to Counts Three and Eight, and the entire complaint as to defendant Andrew Buonano. Plaintiff's counsel voluntarily dismissed Count Two. Defendants now move for partial summary judgment as to Counts Nine (negligent infliction of emotional distress), Ten (negligent hiring and retention) and Eleven (constructive discharge).

### STATEMENT OF FACTS

The statement of facts is distilled from the parties' moving papers and attachments thereto, their Local Rule 9(c) statements and the amended complaint. The Court sets forth only those facts deemed necessary to an understanding of the is-

sues raised in, and decision rendered on, this Motion.

Plaintiff is a sixty-five year old gentleman of Spanish extraction, having been born in Spain in 1936. He was educated in Spain and moved to the United States in 1965. In 1966, he began teaching at the Hartford College for Women ("HCW"), where he taught until July, 1995.

Over the years, plaintiff complained about his salary, even though he was the second highest paid faculty member. In March, 1992, plaintiff filed a complaint with the Commission of Human Rights and Opportunities ("CHRO") alleging discrimination based upon sex, age and national orientation. He claimed that in 1991 he was denied a salary increase that would have put his salary appropriately within the faculty salary ranges at the University of Hartford ("University"), with whom, by this time, HCW had merged. He further alleged that he was treated unequally in terms of salary at HCW on the basis of his sex. His complaint was dismissed on the merits in November, 1993.

In November, 1994, plaintiff filed another claim with the CHRO, alleging that the University was discriminating against him on the basis of sex, national origin and retaliation for filing the 1992 complaint. On December 16, 1994, the University filed its response to the CHRO. The response indicated that there were discussions going on between HCW and the University to make some upward adjustment in salaries. The University, however, indicated that it was willing to mediate the salary dispute within the confines of the CHRO investigation, but it would not do so in any other manner.

In the summer of 1995, plaintiff sent a letter to the University stating that he would not be able to teach at the University for the upcoming year due to his health. Attached was a one sentence "report" from a physician stating that plaintiff's decision to return to Spain was "in his best inter-

est", but the physician did not elucidate the reasons for that.

This lawsuit was then filed.

## LEGAL ANALYSIS

### I. The Standard of Review

In a motion for summary judgment the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). *See also Anderson v. Liberty Lobby,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23, 106 S.Ct. 2548. *Accord, Goenaga v. March of Dimes Birth Defects Foundation,* 51 F.3d 14, 18 (2d. Cir.1995)(movant's burden satisfied if it can point to an absence of evidence to support an essential element of nonmoving party's claim).

The court is mandated to "resolve all ambiguities and draw all inferences in favor of the nonmoving party...." *Aldrich v. Randolph Cent. Sch. Dist.,* 963 F.2d 520, 523 (2d Cir.), *cert. denied,* 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). If the nonmoving party submits evidence which is "merely col-

orable", or is not "significantly probative," summary judgment may be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 247–48, 106 S.Ct. 2505 (emphasis in original).

## II. *The Standard As Applied*

### A. Count Nine: *Negligent Infliction of Emotional Distress*

■ To prevail on a claim of negligent infliction of emotional distress, the plaintiff must prove that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if it was caused, might result in illness or bodily harm. *Thomas v. Saint Francis Hospital And Medical Center,* 990 F.Supp. 81, 91 (D.Conn.1998).

■ In the employment context, a claim for negligent infliction of emotional distress arises only where it is based upon the unreasonable conduct of the defendant in the **termination** process. *Parsons v. United Technologies Corp.,* 243 Conn. 66, 88–89, 700 A.2d 655 (1997). The mere **termination** of employment is not by itself enough to sustain a claim for negligent infliction of emotional distress even if wrongfully motivated. "The mere fact of **firing** an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." *Id.* at 89, 700 A.2d 655.

■ In this instance, all inferences of fact demonstrate that plaintiff voluntarily resigned from his position prior to any kind of termination by defendants, which termination never came. Furthermore, plaintiff has adduced no evidence indicating that the defendants conducted themselves unreasonably in investigating the complaint, or in advising plaintiff that they were willing to discuss his increase in salary within the confines of the CHRO complaint he had filed. Nor has he offered any proof that his alleged health claim, consisting of a one sentence report from his treating physician, stating that plaintiff's return to Spain was for "his best interests", should be actionable against defendants without causal connection. Accordingly, summary judgment will be granted as to Count Nine.

### B. *Count 10: Negligent Hiring and Retention*

■ Although this Count is inartfully crafted, the Court will construe all allegations in the plaintiff's favor and holds that the facts set forth attempt to claim the negligent hiring and retention of defendant Dean Blanshan by the University. The claim must fail, for if it is viable at all, it falls under the exclusive provisions of the Worker's Compensation Act. Section 31–284 of that Act provides that: "An employer ... shall not be liable for any damages on account of personal injury sustained by an employee arising out of and in the course of his employment." If personal injury is covered, then by the same rationale so would be any claim of emotional distress caused by the employer and/or its employees. Accordingly, summary judgment will be granted as to Count Ten.

### C. *Eleventh Count: Constructive Discharge*

This claim is pleaded in a confusing manner but reading the amended complaint in the light most favorable to plaintiff, it appears that plaintiff is pleading that he was discriminated against because

the University permitted Dean Blanshan to discriminate against him on the basis of sex, age and racial orientation, which resulted in his constructive discharge. Plaintiff seemingly wishes to hold the University responsible under a theory of respondeat superior.

■ The Court holds that plaintiff was not constructively discharged, but that he voluntarily resigned to return to Spain. He was the second highest paid faculty member and he was aware that salaries were to be raised over a four year period. He was also aware that the University would negotiate a new salary with him, within the confines of the CHRO hearings regarding the complaint he had brought against the University. He apparently did not take advantage of this offer.

■ To establish a claim of constructive discharge under Title VII, an employee must demonstrate that his employers' discriminatory conduct produced working conditions that a reasonable person would find intolerable. *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1386 (10th Cir.1991)(finding resignation following demotion voluntary under Title VII); *Pena v. Brattleboro Retreat*, 702 F.2d 322, 325 (2d Cir.1983)(treatment of plaintiff "cannot even remotely be intolerable", within reasonable person standard required by Title VII.); *Carter v. Caring for Homeless of Peekskill, Inc.*, 821 F.Supp. 225, 230–31 (S.D.N.Y.1993)(rise in blood pressure insufficient to be reason for "constructive discharge", as no discrimination causing this shown). Inasmuch as a reasonable person would not consider, under the facts as pleaded, that plaintiff's working conditions were intolerable, summary judgment will be granted as to Count Eleven.

### CONCLUSION

Plaintiff has failed to meet the elements of Counts Nine through Eleven, claims upon which he would bear the burden of proof at trial. The Second Motion for Summary Judgment [Doc. No. 38] is GRANT-ED. Judgment is to be entered as to the University on Counts Nine, Ten, and Eleven. Inasmuch as the only count remaining against Dean Blanshan was Count Nine, summary judgment is to enter on the entire complaint as to her.

SO ORDERED.