Nayda FONSECA, Plaintiff,

v.

**RBC HEIM BEARINGS CORP., Defendant.**

No. 3:99CV2205 (GLG).

United States District Court,
D. Connecticut.

Feb. 28, 2000.

Thomas E. Mangines, Mangines & Mangines, Bridgeport, CT, for Plaintiff.

Margaret J. Strange, William D. Thompson, Jr., Jackson, Lewis, Schnitzler & Krupman, Hartford, CT, for Defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

In this employment discrimination case, plaintiff has asserted claims for age, gender, and national origin discrimination under the Federal and State anti-discrimination statutes, as well as the usual laundry list of pendent state claims. Pending before the Court is defendant's motion to dismiss counts seven and eight, which are claims for breach of contract and negligent infliction of emotional distress, for failure to state a claim upon which relief may be granted. [Doc. No. 8]. For the reasons set forth below, defendant's motion to dismiss will be GRANTED.

### Discussion

The function of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to assess the legal sufficiency of the complaint. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). A motion to dismiss should not be granted for failure to state a claim unless is appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss, the Court is limited to the facts set forth in the complaint and any documents attached thereto and incorporated by reference. *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991). The Court is required to construe all factual allegations of the complaint in favor of the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The issue is not whether the plaintiff will ultimately prevail

but whether she is entitled to offer evidence in support of her claim. *Id.*

Plaintiff has been employed by defendant since 1977. She has held various positions within the defendant's collective bargaining unit, including machine operator. Plaintiff is a member of the Union, U.A.W., Local 376.

In count seven of her complaint, plaintiff alleges that the harassment, failure to promote, and reduction and downgrading of her duties by defendant were a "breach of her employment agreement under the Collective Bargaining Agreement ["CBA"] between the Union and the Company and is [sic] actionable under the Common Law of Connecticut." (Compl.¶ 24). Defendant argues that, because resolution of this claim is dependent upon an analysis of the CBA, it is preempted by section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 151, and must be dismissed.

"In enacting § 301, Congress intended that uniform federal labor law would prevail over inconsistent local rules.... As a result, disputes over ... the consequences of a breach of contract must be resolved according to uniform federal law." *Anderson v. Coca Cola Bottling Co. of N.Y.,* 772 F.Supp. 77, 80 (D.Conn.1991) (citing *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 209–11, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)); *see United Steelworkers of America v. Rawson,* 495 U.S. 362, 371, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990). "[W]here the resolution of a state-law claim depends upon an interpretation of the collective bargaining agreement, the claim is pre-empted." *Foy v. Pratt & Whitney Group,* 127 F.3d 229, 233 (2d Cir.1997)(quoting *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 260–62, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994)). However, "[i]f a state-law claim can be resolved without interpreting the collective bargaining agreement, the claim is 'independent' of the agreement and is not preempted by § 301." *Anderson,* 772 F.Supp. at 80 (citing *Lingle v. Norge Div. of Magic Chef,*

*Inc.,* 486 U.S. 399, 108 S.Ct. at 1883, 100 L.Ed.2d 410 (1988)).

■ In the instant case, plaintiff alleges that the CBA was breached by virtue of certain actions of the defendant. Plaintiff states that she seeks relief for "breach of contract under the terms of Collective Bargaining Agreement between the Defendant company and the union, U.A.W., Local 376." (Compl. at 1). Plaintiff relies upon no other contract or agreement for her breach of contract claim. In other words, her breach of contract claim is wholly dependent upon the provisions of the CBA. In order to determine whether defendant violated the CBA, the Court must necessarily interpret the CBA. Thus, the Second Circuit has held that "[u]nder section 301, state law based claims for suits for violation of contracts between an employer and a labor organization are completely preempted." *Hernandez v. Conriv Realty Assocs.,* 116 F.3d 35, 38 (2d Cir.1997)(internal quotations and citations omitted). Accordingly, we hold that plaintiff's breach of contract claim is preempted by § 301 of the LMRA and dismiss count seven. *See also Claps v. Moliterno Stone Sales, Inc.,* 819 F.Supp. 141, 150–51 (D.Conn.1993); *Ziobro v. Connecticut Institute for the Blind,* 818 F.Supp. 497, 501 (D.Conn.1993).

Plaintiff's eighth count is for negligent infliction of emotional distress. Defendant asserts that this count should be dismissed because, under Connecticut law, "negligent infliction of emotional distress in the employment context arises only when it is 'based upon unreasonable conduct of the defendant in the termination process.'" *Parsons v. United Technologies Corp.,* 243 Conn. 66, 88, 700 A.2d 655 (1997) (quoting *Morris v. Hartford Courant Co.,* 200 Conn. 676, 682, 513 A.2d 66 (1986)). It is undisputed that plaintiff is still employed by defendant. (Compl.¶ 1). Thus, defendant argues that plaintiff cannot bring a cause of action for negligent infliction of emotional distress under Connecticut law because she was never terminated.

This Court has consistently held in employment cases that a state-law claim for negligent infliction of emotional distress arises only in the context of a termination. *See, e.g., Gomez–Gil v. University of Hartford,* 63 F.Supp.2d 191, 193 (D.Conn.1999); *Cameron v. St. Francis Hosp. & Med. Ctr.,* 56 F.Supp.2d 235, 240 (D.Conn.1999); *Williams v. H.N.S. Management Co.,* 56 F.Supp.2d 215, 221 (D.Conn.1999); *Perillo v. Perkin–Elmer Corp.,* No. 3:97CV513(AHN), 1998 WL 846737, at \*3 (D.Conn. Dec.3, 1998); *Cowen v. Federal Express,* 25 F.Supp.2d 33, 40 (D.Conn. 1998); *White v. Martin,* 23 F.Supp.2d 203, 208 (D.Conn.1998), *aff'd,* 198 F.3d 235 (2d Cir.1999); *see also Pavliscak v. Bridgeport Hosp.,* 48 Conn.App. 580, 711 A.2d 747, *cert. denied,* 245 Conn. 911, 718 A.2d 17 (1998). However, we would be remiss in failing to note that the Second Circuit, in dictum, has recently expressed doubt as to whether the Connecticut Supreme Court would continue to limit the tort of negligent infliction of emotional distress to actions taken in the course of an employee's termination. *Malik v. Carrier Corp.,* 202 F.3d 97 at n. 1 (2d Cir. 2000). The Second Circuit, citing the Connecticut Superior Court decision of *Karanda v. Pratt & Whitney Aircraft,* No. CV–98–5820255, 1999 WL 329703, at \*4 (Conn.Super. May 10, 1999), speculated that the Connecticut Supreme Court might permit a claim for negligent infliction of emotional distress in the absence of a termination, in light of the 1993 amendments to the Workers' Compensation Act that excluded coverage for mental and emotional impairment. *Id.* These amendments followed the seminal decision of *Morris v. Hartford Courant Co.,* 200 Conn. 676, 682, 513 A.2d 66 (1986), although they predated by four years the Connecticut Supreme Court's decision in *Parsons,* which quoted *Morris* with approval. The Second Circuit read the Court's statement in *Parsons,* that "few courts have addressed the requirements of a claim for [emotional distress] within the context of an employment relationship as a whole, much less in the context of the termination of such a relationship," 243

Conn. at 89, 700 A.2d 655, as "arguably acknowledg[ing] the possibility that such a claim might arise in the employment context." *Malik,* 202 F.3d 97 at n. 1. The Second Circuit concluded: "Whether a viable emotional distress claim for negligent acts in the employment context exists under Connecticut law is thus unclear." *Id.*

Generally, despite the *Karanda* decision, the Superior Courts of Connecticut have continued to limit the scope of this tort in employment cases to extreme and outrageous conduct in the termination process. *See, e.g., Dollard v. Orange Bd. of Educ.,* No. CV99–067338, 2000 WL 192804, at \*1 (Conn.Super.Feb.2, 2000) (striking plaintiff's claim for negligent infliction of emotional distress because it did not allege an unlawful termination or extreme and outrageous conduct); *Austin v. Sonitrol Comm. Corp.,* No. CV 990589116S, 1999 WL 1241927, at \*1 (Conn.Super.Dec.3, 1999) (limiting a claim for negligent infliction of emotional distress to the circumstances of the actual termination); *Thompson v. Bridgeport Hosp.,* No. CV 980352686, 1999 WL 1212310, at \*4 (Conn.Super.Nov.17, 1999)(holding that plaintiff had not adequately alleged a claim for negligent infliction of emotional distress because she failed to allege an unlawful termination); *Hart v. Knights of Columbus,* No. CV 980417112S, 1999 WL 682046, at \*4 (Conn.Super. Aug.17, 1999)(striking the claim for negligent infliction of emotional distress where the plaintiff alleged only a constructive discharge); *Rosenberg v. Meriden Housing Auth.,* No. CV 950377376, 1999 WL 1034611, at \*9, n. 7 (Conn.Super.Oct.29, 1999)(discussing *Karanda,* but following the express language of *Parsons,* which the court noted was decided after the amendments to the Workers' Compensation Act); *Dorlette v. Harborside Healthcare Corp.,* No. CV 990266417, 1999 WL 639915, at \*3 (Conn.Super.Aug.9, 1999)(rejecting the rationale of *Karanda* ); *but see Benson v. Northeast Utilities,* No. CV 99058697, 2000 WL 151203, at \*1 (Conn.Super.Jan.20, 2000)(following *Karanda* ); *Martins v. Bridgeport Hosp.,* No.

CV 980350684S, 1999 WL 989451, at *3 (Conn.Super.Oct.6, 1999)(same). Thus, even after *Karanda*, a significant majority of the Superior Courts have continued to require an unlawful termination in order to state a claim for negligent infliction of emotional distress in an employment context.

Absent further clarification from the Connecticut Supreme Court or the Second Circuit, we adhere to the well-established precedent of this District. Thus, in keeping with the clear language of *Parsons* and *Morris*, we hold that the state-law tort of negligent infliction of emotional distress requires plaintiff to plead unreasonable conduct in the termination process. In this case, because plaintiff was never terminated, we hold, as a matter of law, that she cannot maintain a claim for negligent infliction of emotional distress.

### Conclusion

Accordingly, for the reasons set forth above, Defendant's Motion to Dismiss Counts Seven and Eight of Plaintiff's Complaint is GRANTED.

SO ORDERED.