**Anne RAPKIN, Plaintiff,**

v.

**Arthur J. ROCQUE, in his individual and official capacities, Sidney J. Holbrook, in his individual and official capacities, and Jane K. Stahl, in her individual and official capacities, Defendants.**

**No. 3:99CV1928(GLG).**

United States District Court, D. Connecticut.

May 15, 2000.

Ruth L. Pulda, Livingston, Adler, Pulda & Meiklejohn, Hartford, CT, for plaintiff.

Neil B. stekloff, Shipman & Goodwin, Hartford, CT, Carla R. Walworth, Mary C. Dollarhide, Sarah Elizabeth Graves, Joshua D. Goodman, Peter M. Schultz, Paul, Hastings, Janofsky & Walker, Stamford, CT, for defendants.

Ralph G. Elliot, Tyler Cooper & Alcorn, Hartford, CT, for Hartford Courant Co., movant.

### RULING ON DEFENDANTS' MOTION TO DISMISS

GOETTEL, District Judge.

Plaintiff, who is Chief Legal Counsel for the State of Connecticut Department of Environmental Protection, has sued her superiors in that Department, claiming that, acting under color of state law, they deprived her of her First Amendment rights to free speech and to seek judicial redress without retaliation, in violation of 42 U.S.C. § 1983, in connection with various disputes she had with them concerning her advice to the Department of Environmental Protection. Plaintiff has also asserted claims for intentional infliction of emotional distress and negligent infliction of emotional distress. It is apparent that underlying this suit are disagreements between the parties concerning environmental matters where the Department has rejected Plaintiff's advice. As Chief Legal Counsel of the Department, plaintiff is required to give legal advice and to assist the staff on matters relating to enforcement orders and civil penalties and to make recommendations regarding agency program proposals. She also gives advice specifically on matters for adjudication by the Department, including contested matters, settlement of claims, and the assessment of civil penalties.

Defendants have moved to dismiss all counts of plaintiff's complaint [**Doc. # 23**]. On May 5, 2000, the Court heard oral argument on the motion to dismiss. After due consideration of the motion and opposition papers, the arguments of Counsel, and relevant caselaw, the Court will grant in part and deny in part the motion to dismiss for the following reasons:

1. Although it is not clear from plaintiff's complaint to what extent her section 1983 claims in Counts I and II are asserted against the defendants in their individual and/or official capacities, plaintiff has conceded in her opposition papers and at oral argument that the only relief available against defendants in their official capacities is prospective injunctive relief. *See Burnette v. Carothers*, 192 F.3d 52, 57 & n. 3 (2d Cir.1999). Therefore, the Court dismisses all claims against defendants in their official capacities except those seeking prospective injunctive relief. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). This ruling does not affect plaintiff's claims against defendants in their individual capacities.

2. Count III of plaintiff's complaint is a claim for intentional infliction of emotional distress against the defendants in their individual capacities. For purposes of ruling on this motion to dismiss, the Court has accepted all allegations of plaintiff's complaint as true and has drawn all reasonable inferences from these facts in plaintiff's favor. In order to state a claim under Connecticut law for intentional infliction of emotional distress, plaintiff must allege conduct so extreme and outrageous in character, and so atrocious that it goes beyond all possible bounds of decency and is utterly intolerable in a civilized society. *See* Restatement (Second) of Torts § 46, cmt.(d) (1965); *DeLaurentis v. City of New Haven*, 220 Conn. 225, 266–67, 597 A.2d 807 (1991); *Petyan v. Ellis*, 200 Conn. 243, 253 & n. 5, 510 A.2d 1337 (1986). This plaintiff has failed to do. The determination of whether defendant's conduct rises to the level of being "extreme and outrageous" is a question to be determined by the Court in the first instance. *Johnson v. Chesebrough–Pond's USA Co.*, 918 F.Supp. 543, 552 (D.Conn.), *aff'd*, 1996 WL 734043, 104 F.3d 355 (2d Cir.1996). The Court holds that plaintiff's allegations fail to meet this standard and, therefore, Count III is dismissed.

3. Count IV is a claim for negligent infliction of emotional distress. In *Fonseca v. RBC Heim Bearings Corp.*, 87 F.Supp.2d 137, 139–40 (D.Conn.2000), this Court recently discussed at length the scope of this common-law tort in an employment setting. As we held in *Fonseca*, absent further clarification from the Connecticut Supreme Court or the Second Circuit, this Court will follow the well-established precedent of this District and the majority of Connecticut state courts which require that plaintiff's claim of negligent infliction of emotional distress arise in the context of a termination of employment. Plaintiff does not allege a termination. Therefore, Count IV will be dismissed on that basis.

4. The remaining section 1983 claims are set forth in Counts I and II against defendants in their individual capacities. Count I is a section 1983 claim for defendants' alleged violation of plaintiff's first amendment right of free speech for retaliating against her based upon what she describes as "honest" legal advice that she provided to the State DEP, her client. Defendants, however, characterize this as a political affiliation case or a dual motivation (free speech and political affiliation) case. Count II is a section 1983 claim for defendants' alleged violation of plaintiff's first and fifth amendment rights to seek redress in the courts for defendants' unlawful conduct. Plaintiff alleges that defendants retaliated against her when she threatened to take legal action against them if they continued to deprive her of her constitutional rights.

Defendants assert, with respect to both counts, that plaintiff has failed to state a claim upon which relief may be granted. They raise a number of arguments including: that plaintiff's speech was not protected speech because it was legal advice between an attorney and client and, thus, not on a matter of public concern; that even if her speech was on a matter of public concern, defendants were entitled to take adverse action against her because her speech interrupted the efficient operation of the Department; plaintiff's position as Chief Counsel permits defendants to take action against her because of her speech without violating the First Amendment; as mentioned above, this is a political affiliation case or a dual motivation case and plaintiff's status as a "policymaker" allowed it to take adverse action against her without violating the First Amendment; and that defendants are entitled to qualified immunity because there was no violation of a clearly established constitutional right. Defendants also raise a statute of limitations defense as to acts occurring prior to September 30, 1996.

Again, in considering these arguments, the Court is bound to consider only the complaint and to accept all factual allegations as true. *See Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993). Dismissal is not appropriate unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claims that would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This is particularly so when a plaintiff complains of a civil rights violation.

Because the Federal Rules of Civil Procedure require only notice pleading, that is, "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), plaintiff's complaint contains few specifics as to the content of plaintiff's speech for which she claims adverse action was taken against her. (Based upon her allegations, it would also appear that these communications could not be made a matter of public record since they are subject to the attorney-client privilege).

Generally, speech is considered on a matter of public concern when it relates to any matter of political, social, or other concern to the community. *Connick v. Myers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). This determination is made based upon the content of the speech, its form, and context. *Id.* at 147–48, 103 S.Ct. 1684. While the inquiry into the protected status of speech is one of law, *id.* at 148 n. 7, 103 S.Ct. 1684, the Court cannot make that determination in this case based solely upon the limited allegations of the complaint. This is a matter that will have to be revisited after discovery has taken place.

As to whether this is a free speech or political affiliation case, the complaint clearly has overtones of both. As plaintiff pointed out at oral argument, until discovery is conducted, we will not know and cannot know what motivated defendants to take the actions that they did. *See Frank v. Relin,* 1 F.3d 1317, 1331 (2d Cir.), *cert. denied,* 510 U.S. 1012, 114 S.Ct. 604, 126 L.Ed.2d 569 (1993). Moreover, even assuming this is a political affiliation case, it is unclear from the complaint and plaintiff's job description incorporated therein whether she was a "policymaker," as that term has been defined by the Second Circuit. *McEvoy v. Spencer,* 124 F.3d 92, 99–100 (2d Cir.1997). Plaintiff's position was a classified position, covered by Connecticut's civil service statute, C.G.S.A. § 5–194, *et seq.,* but that single factor is not dispositive. It is only one of many factors that the Court must consider in determining whether plaintiff occupied a position calling for party loyalty. *See McEvoy,* 124 F.3d at 99; *Gordon v. County of Rockland,* 110 F.3d 886, 888 (2d Cir.), *cert. denied,* 522 U.S. 820, 118 S.Ct. 74, 139 L.Ed.2d 34 (1997).

Moreover, a number of issues raised by defendants are affirmative de-

fenses not addressed by the complaint, such as whether plaintiff's speech had a disruptive effect on the functioning of the office. Obviously, this is not something plaintiff has pled. Thus, this is an issue on which the Court is unable to rule based upon the facts set forth in the complaint.

As to defendants' qualified immunity defense, we again are bound to consider only the allegations of plaintiff's complaint to determine whether they fail to state a claim of a violation of clearly established law. *McEvoy*, 124 F.3d at 97. Based upon the allegations of plaintiff's complaint, we cannot state as a matter of law that it was objectively reasonable for defendants to believe that their conduct did not violate clearly established statutory or constitutional rights of the plaintiff. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 141 (2d Cir.1999). We recognize that the Second Circuit has held that, until its decision in *McEvoy,* it was not clearly established that a policymaker exception did not exist in the *Pickering* balancing test. *McEvoy,* 124 F.3d at 103, 105. However, that brings us back to the unresolved question of whether plaintiff was a policymaker and the reasons defendants took adverse action against her. These are matters that cannot be resolved from the face of the complaint.

Finally, with respect to defendant's statute of limitations defense to certain acts occurring before September 30, 1996, plaintiff has alleged a sufficient continuing course of conduct to bring these within the limitations period. That is not to say, however, that upon further discovery, some of these acts may not be time-barred.

Accordingly, the Motion to Dismiss is GRANTED as to Counts III and IV. Additionally, all official capacity claims against defendants for relief other than prospective injunctive relief are dismissed. In all other respects the Motion to Dismiss is DENIED, without prejudice to the arguments being renewed in a Motion for Summary Judgment after discovery has taken place. The Motion to Dismiss having been ruled upon, the Stay of Discovery previously in effect is now lifted.

SO ORDERED.