JIMMY LEE BROWN *v.* HOUSING AUTHORITY OF THE CITY OF NEW HAVEN
(8816)

NORCOTT, LAVERY and LANDAU, Js.

Argued November 2—decision released December 18, 1990

*Terence S. Hawkins,* for the appellant (plaintiff).

*James J. Giulietti,* with whom, on the brief, was *Louis M. Federici,* for the appellee (defendant).

NORCOTT, J. The plaintiff appeals from the decision of the trial court granting the defendant's motion for summary judgment. He claims that the trial court improperly (1) denied his request for production of material in the defendant's personnel files, and (2) granted the defendant's motion for summary judgment. We affirm the judgment of the trial court.

The following facts are relevant to the resolution of this case. On June 22, 1984, the plaintiff and Sam Jones, a maintenance mechanic employed by the defendant, were involved in an altercation on Park Street in downtown New Haven. The incident began when the plaintiff asked Jones, who was driving a van owned by the defendant to a job site, to move his vehicle, which was blocking traffic. The two men exchanged words. When Jones refused to move the van, the plaintiff drove around it. Jones followed the plaintiff down Park Street in the van, rear-ending the plaintiff's car several times. The plaintiff stopped his car at the corner of Park Street and Edgewood Avenue and got out to speak with Jones. Jones also exited his vehicle, grabbed a hammer, chased the plaintiff around the car and struck him on the chest with the hammer. As a result of this attack, the plaintiff, who has a pacemaker, suffered a ruptured blood vessel and was hospitalized for several months.

The plaintiff brought the present action under the theory of respondeat superior seeking damages for the assault and battery committed by the defendant's employee.[1] The trial court, *J. Flanagan, J.,* granted

---

[1] In his original complaint, the plaintiff also alleged that the defendant was negligent in the recruitment, hiring, training, discipline and supervision of Jones. The plaintiff withdrew this claim, however, on October 6, 1987.

the defendant's motion for summary judgment, finding no support for the suggestion that Jones was doing anything in furtherance of the defendant's business when he assaulted the plaintiff.

## I

The plaintiff first challenges the trial court's denial of his request for production. On June 14, 1989, the plaintiff filed the following request: "1. The entire personnel file of Sam Jones. 2. All documents setting forth Sam Jones' job duties or job description. 3. Any and all documents reflecting or recording instances in which Sam Jones engaged in violent or assaultive conduct; or any and all documents relating to a recording, or reflecting your investigation of the incident that is the subject matter of this case; and 4. Any and all documents reflecting, recording, or related to other instances in which employees of the New Haven Housing Authority have been involved in assaults, fights, episodes of verbal abuse, or other assaultive conduct during the course of their employment during the years 1974 to 1984."

The defendant, in its objection to the plaintiff's request for production, agreed to supply only a manual detailing Jones' job duties. The defendant claimed that the remainder of the plaintiff's requests were both overbroad and irrelevant to the issues remaining in the plaintiff's action. The trial court, *Cretella, J.,* sustained the defendant's objections on November 13, 1989.

"The granting or denial of a discovery request rests in the sound discretion of the court." *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 57, 459 A.2d 503 (1983); *Kiessling* v. *Kiessling,* 134 Conn. 564, 568, 59 A.2d 532 (1948). That discretion applies to "decisions concerning whether the information is material, privileged, substantially more available to the disclos-

ing party, or within the disclosing party's knowledge, possession or power . . . ." *Standard Tallow Corporation* v. *Jowdy,* supra, 59–60.

The trial court in the present case did not abuse its discretion when it denied the plaintiff's request for production. The plaintiff had withdrawn the third count of his complaint, in which he had alleged negligence by the defendant in its recruitment, hiring, training, discipline and supervision of Jones, almost two years before filing his request for production. The only issue remaining in the case, therefore, was whether Jones was acting within the scope of his employment when he assaulted the plaintiff. With the exception of the plaintiff's request for materials describing Jones' job duties, which the defendant agreed to provide, none of the plaintiff's requests were directed to the discovery of material relevant to this sole remaining issue. Therefore, the trial court properly sustained the defendant's objections to the plaintiff's request for production.

## II

The plaintiff next challenges the trial court's granting of the defendant's motion for summary judgment. He claims that he was entitled to have a jury determine whether Jones was acting within the scope of his employment at the time of the assault. We disagree.

"Summary judgment may be rendered if it is shown that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Orenstein* v. *Old Buckingham Corporation,* 205 Conn. 572, 574, 534 A.2d 1172 (1987)." *Gutierrez* v. *Thorne,* 13 Conn. App. 493, 496, 537 A.2d 527 (1988). "In passing on a defendant's motion for summary judgment, the trial court is limited to deciding whether an issue of fact exists, but . . . it cannot try that issue if it does exist." *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377, 260 A.2d 596 (1969); *Gutierrez* v. *Thorne,* supra.

The trial court in the present case correctly determined that no genuine issue existed as to whether Jones was acting within the scope of his employment when he assaulted the plaintiff. " 'A master is liable only for those torts of his servant which are done with a view of furthering his master's business within the field of this employment—for those which have for their purpose the execution of the master's orders or the doing of the work assigned to him to do.' " *Bradlow* v. *American District Telegraph Co.*, 131 Conn. 192, 196, 38 A.2d 679 (1944); *Turner* v. *American District Telegraph & Messenger Co.*, 94 Conn. 707, 110 A. 540 (1920). In most cases, it is the function of the jurors to determine from the facts before them whether, under this test, a servant was acting within the scope of his employment. *Bradlow* v. *American District Telegraph Co.*, supra, 195. In some situations, however, the acts of the servant are "so clearly without the scope of his authority that the question is one of law." Id.; see also *Gutierrez* v. *Thorne*, supra, 499.

It is clear in the present case that Jones was not furthering the defendant's business interests when he assaulted the plaintiff. His intentional, criminal acts were in no way connected to the defendant's business. The mere fact that Jones was driving from one job site to another when the assault took place does not change this analysis. " 'In the course of his employment' means while engaged in the service of the master, and it is not synonymous with the phrase 'during the period covered by his employment.' " *Levitz* v. *Jewish Home for the Aged, Inc.*, 156 Conn. 193, 198, 239 A.2d 490 (1968). As there were no facts before the court from which it could conclude that Jones was furthering the defendant's interests, the defendant's nonliability under the theory of respondeat superior was properly determined as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.