[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The claims in this case arise out of an incident which occurred at a softball game during a company picnic of the defendant United Parcel Service (UPS). The plaintiff was hired as an umpire for the softball game which involved two teams of UPS employees, including the named defendant, William Sims. During the course of the game, Sims hit a ball down the foul line, and the plaintiff called it a foul ball. Sims and some of his team mates protested the call, but Sims grabbed the plaintiff by the shirt collar and threw him to the ground. When the plaintiff got up Sims grabbed him by the throat with one hand and threw him to the ground again. After that a UPS employee, Ralph Gallagher, declared the game over, and both teams then dispersed.
The first count of the complaint is for assault against Sims. The second count claims negligence against UPS on a theory of vicarious liability on the following grounds: (1) failure to warn that Sims posed a threat of violence; (2) failure to instruct the players to abide by the umpire's rulings; (3) failure to instruct CT Page 1670 Sims to move away from the plaintiff while arguing a call; (4) failure to restrain Sims and prevent him from attacking the plaintiff. UPS has filed a motion for summary judgment on the second count, claiming that Sims was not acting within the scope of his employment when he assaulted the plaintiff and that UPS had no duty to protect the plaintiff from the attack by Sims.
A summary judgment may be granted under 384 of the Connecticut Practice Book if the pleadings, affidavits and other proofs submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority,213 Conn. 354, 364. In deciding whether there is a material issue of fact, the evidence is considered in the light most favorable to the non-moving party. Connell v. Colwell, 214 Conn. 242, 247. Where there is no genuine issue as to any material fact, the next question is whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11. That is resolved by applying to the established facts the same test that is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364.
The basic facts here are not in dispute, but as with all negligence claims there is a mixed question of fact and law as to whether the defendant met the required standard of care under the circumstances, which generally precludes summary judgment in a negligence case. Fogarty v. Rashaw, 193 Conn. 442, 446. The question for the trier is whether the ordinarily prudent person in the position of the defendant, knowing what he knew or should have known, would have anticipated that harm of the general nature of the one that occurred was likely to result, mainly whether the injury was foreseeable under the circumstances. Gutierrez v. Thorne, 13 Conn. App. 493, 500. Foreseeability is a question of proximate cause, which is ordinarily a question of fact for the trier, and only becomes a conclusion of law when there is only one conclusion that can be reached. Id., 500, 501.
As a general rule the employer is not liable in negligence for acts of its employee which occur outside of the scope of employment. Here again it is often a question of fact as to whether a willful tort of an employee has incurred within the scope of the employee's employment and was done to further the employer's business. A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200,207. In this case the intentional assault did not occur at the CT Page 1671 employer's place of business, but the record indicates that the softball game was run by UPS and participated in by UPS employees, including Sims, and that it was to a large extent under the supervision of UPS employees. In passing upon a defendant's motion for summary judgment, the trial court is limited to deciding whether an issue of facts exists, but it cannot try that issue if it does exist. Brown v. Housing Authority, 23 Conn. App. 624, 627. A question of law exists only where the acts of the employee are so clearly outside the scope of his employment that the question is one of law. Id., 628.
The company picnic situation is not within that category, or at least, as with the batted ball that led to the problem here, it is a close call. In Merhi v. Becker, 164 Conn. 516, it was held that a person injured by an assault at a union sponsored picnic was able to recover against the union, which had the duty of exercising reasonable care to control and protect its invitees from danger which might reasonably be anticipated from the activities taking place at the picnic. In some cases the company is sufficiently in possession and control of the property and is alerted from the progression of events that an assault upon an attendee by another person present is reasonably foreseeable. Even where the employer is not liable under the doctrine of respondeat superior, there may still be liability on the part of the employer based on an independent claim of direct negligence of the employer itself. Gutierrez v. Thorne, supra, 500. The second count of the complaint encompasses both types of allegations. Whether it was reasonably foreseeable that the plaintiff would be assaulted by the defendant's employee, is a question of fact which cannot be decided by summary judgment. Id., 502.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE