[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (NO. 106)
On August 8, 1994, the plaintiff, Helen Lane, filed a two count amended complaint against the defendant, John Hocursak, doing business CT Page 2821 as Main Street Amoco, Bridgeport, Connecticut. Count one alleges that an employee of the defendant uttered obscenities at and assaulted the plaintiff who was a patron at the defendant's business, a gas station. Count two alleges that the defendant negligently hired the employee who assaulted the plaintiff.
On January 13, 1995, the defendant filed a motion to strike and a memorandum of law in support of the motion. The motion to strike states that count one fails to state that the defendant's employee was acting in the scope of his employment. The motion to strike also states that count two fails to state that plaintiff's injuries are causally connected to the defendant's negligent hiring of his employee.
The plaintiff filed a memorandum of law in opposition to the motion to strike, which is dated February 1, 1995. In her memorandum of law, the plaintiff argues that each count is legally sufficient.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citation omitted; internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 368 (1985).
COUNT 1 — THE EMPLOYEE'S ASSAULT.
Under the doctrine of respondeat superior, an employer is responsible for the injuries employees cause "while they are engagedupon his business and within the scope of their authority." (Emphasis in original.) Gutierrez v. Thorne, 13 Conn. App. 493, 498,537 A.2d 527 (1990). "A master is liable only for those torts of his servant which are done with a view of furthering his master's business within the field of this employment — for those which have for their purpose the execution of the master's orders or the doing of the work assigned to him to do." Brown v. Housing Authority, 23 Conn. App. 624, 628,583 A.2d 643 (1990), cert. denied, 217 Conn. 808, 585 A.2d 1233 (1991). CT Page 2822
Here, the plaintiff has not pleaded that the defendant's employee acted to further the defendant s business. Without this allegation, the plaintiff's complaint is silent as to how the defendant is legally responsible for the assault that allegedly happened to the plaintiff.[1] Accordingly, the motion to strike count one of the complaint is granted.
COUNT 2 — NEGLIGENT HIRING
"In Stiebitz v. Mahoney, [144 Conn. 443, 447, 143 A.2d 71
(1957)], we recognized the existence of an action against a police chief for negligently hiring an unfit police officer, an action independent of the respondeat superior theory of liability. This common-law tort is not limited to instances of liability of public officials but extends to any situation where a third party is injured by an employer's own negligence in failing to select an employee fit or competent to perform the services of employment." Shore v.Stonington, 187 Conn. 147, 155, 444 A.2d 1379 (1982). This statement indicates that Connecticut recognizes the existence of a cause of action for the negligent hiring of an employee. Rutter v. Harris,7 Conn. L. Rptr. 117 (July 17, 1992, Wagner, J.).
The defendant argues that the second count fails to allege any causal relationship between the defendant's hiring of employees and the plaintiff's injuries. The defendant also argues that the second count fails to allege that the defendant was aware of any violent propensity of the offending employee.
In this instance the defendant's arguments are misplaced. Paragraphs seven, eight and nine of the second count allege that the plaintiff's injuries occurred "as a result of the negligence and carelessness of the defendant in supervising and hiring" the employee. When viewed in the light most favorable to the pleader, the court may accept that these statements assert the causal relationship between the plaintiff's injuries and the defendant's alleged negligence.
The defendant's second argument is also misplaced. The defendant has failed to submit to the court in its memorandum of law or at oral argument any case that holds that a plaintiff must allege that the defendant knew that the offending employee had a violent propensity. This court will not add this element to the cause of action for negligent hiring. Accordingly, the court denies the motion to strike count two of the amended complaint.
By way of recapitulation, the motion to strike count one is CT Page 2823 granted and the motion to strike count two is denied.
MAIOCCO, J.