[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Respondeat Superior is that legal doctrine which holds the employer responsible for certain acts of its employees with respect to intentional torts. The plaintiff's complaint alleges that the defendant Dubish, while a youth minister for the defendant Bethel Baptist Church, gained entrance to his home and sexually assaulted him. Plaintiff seeks to hold the church vicariously liable for the named defendant Dubish's intentional conduct.
An employer cannot be held vicariously liable for intentional torts of his employee unless the employer is acting within the scope of his employment and in furtherance of the employee's business. A-G Foods, Inc. v. Pepperidge Farms, Inc.,216 Conn. 200, 209-210, (1990).
Although whether a willful tort was done to further the employer's business is ordinarily a factual question, there are situations where digression from duty is so clear cut that it is a matter of law. Brown v. Housing Authority, 23 Conn. App. 624,628. There is no allegation that this intentional assault occurred within the scope of the employment and in furtherance of the church's business. Without it the complaint is legally insufficient. Therefore the court strikes the fourth count.
The defendant Bethel also claims passage of the statute of limitations as a ground to strike count five. That is denied. The defense of the statute of limitations should be pled by special defense.
FLYNN, J. CT Page 2889