[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 28, 1992, the plaintiffs, David and Jean Studwell filed a five count complaint against the defendants, Tito Jarmillo and International Service Systems (ISS). Counts one through four sound in negligence, assault and loss of consortium against Jarmillo. Count five is a vicarious liability claim against ISS. The Town of Weston filed an intervening three count complaint to recover workers' compensation benefits paid to David Studwell on December 7, 1992. The action was withdrawn as to Tito Jarmillo on October 25, 1993. The facts as alleged in the complaint are as follows. On May 22, 1991, the plaintiff, David Studwell, a police officer of the Town of Weston, responded to an altercation at the Hurlbutt Elementary School, between Roberto Stevenson and Jarmillo, both employees of ISS. When Studwell attempted to persuade Jarmillo to leave the school property, Jarmillo became violent, CT Page 3769 requiring Studwell and his partner to restrain him. While restraining Jarmillo, Studwell suffered injuries.
On December 11, 1994, ISS filed a motion for summary judgment against all of the plaintiffs on the grounds that Jarmillo was not an employee at the time of the incident, and even if he is deemed an employee, his actions were not within the scope of employment. ISS also filed a supporting memorandum of law, an affidavit,[1]
documentary evidence, and deposition testimony. The plaintiffs filed a memorandum of law in opposition to the defendants motion for summary judgment, documentary evidence, and deposition testimony.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Water and WayProperties v. Colt's Manufacturing Co., 230 Conn. 660, 664,646 A.2d 143 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
ISS argues that Jarmillo had been fired, which prompted the altercation in which Studwell was injured, therefore, Jarmillo was not an employee of ISS and there is no basis to find ISS vicariously liable. The plaintiffs argue that whether Jarmillo was fired or suspended is a question of fact.
"We have long adhered to the principle that in order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business. . . . But it must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered in order for the doctrine to apply." (Citation omitted; internal quotation marks omitted.) A-G Foods,Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 208, 579 A.2d 69
(1990).
ISS has presented deposition and documentary evidence showing that Jarmillo was fired by Stevenson, his supervisor, for not wearing his uniform shirt and other conduct, and that he was ordered to leave school property. The evidence further shows that CT Page 3770 while attempting to get Jarmillo to leave, Jarmillo assaulted Stevenson. Studwell and his partner intervened, and Studwell was injured. The plaintiffs have presented evidence showing that Jarmillo received warnings about the incident from ISS, returned to work two days later, and continued to work for ISS until November of 1991. There is a question of fact as to whether Jarmillo was fired and rehired or merely suspended.
ISS also contends that Jarmillo's actions which injured Studwell were not within the scope of his employment. The plaintiffs maintain that whether Jarmillo's actions were in the course of his employment is a question of fact.
"Ordinarily, it is a question of fact as to whether a wilful tort of the servant has occurred within the scope of the servant's employment and was done to further his master's business. . . . But there are occasional cases where a servant's digression from duty is so clear-cut that the disposition of the case becomes a matter of law." (Citation omitted; internal quotation marks omitted.)A-G Foods, Inc. v. Pepperidge Farms, Inc., supra, 216 Conn. 207.
The evidence submitted by both ISS and the plaintiffs shows that Studwell was injured when he intervened in Jarmillo's assault on Stevenson. Jarmillo's intentional assault was in no way connected to the cleaning business being conducted by ISS at the school. See Brown v. Housing Authority, 23 Conn. App. 624, 628,583 A.2d 643 (1990), cert. denied, 217 Conn. 808, 585 A.2d 1233
(1991). "`In the course of his employment' means while engaged in the service of the master, and it is not synonymous with the phrase `during the period covered by his employment.'" (Internal quotation marks omitted.) Id.
Jarmillo's assault was not within the course of his employment. Accordingly, ISS' motion for summary judgment as to all plaintiffs is granted.