[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, David Jedele, filed a two-count complaint against the defendants Raymond DeAngelo and P.P.G. Industries, Inc. (PPG) alleging intentional assault from a physical altercation on the Massachusetts Turnpike, and a claim under respondeat superior. The defendant PPG Industries filed a motion for permission to file summary judgment on July 10, 1996, and a motion for summary judgment (#112). The plaintiff has objected, but the defendant's motion for permission to file a summary judgment motion is granted.
The standard for deciding a motion for summary judgment is well established. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue CT Page 5261-TTTTTT as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light the most favorable to the nonmoving party." Barrett v. DanburyHospital, 232 Conn. 250, 654 A.2d 748 (1995).
PPG argues that the facts pleaded in its first special defense and admitted by the plaintiff demonstrate that as a matter of law, the intentional tortious conduct of the defendant DeAngelo was not in the course of his employment with PPG, did not further PPG's business, and therefore the doctrine of respondeat superior does not apply. The plaintiff argues that the trier of fact must determine this issue.
Both parties have admitted that the defendant DeAngelo was driving an automobile owned by Automotive Rentals, Inc., and leased to PPG. At the time of the assault, DeAngelo was employed by PPG as a salesman. Much of the details of the altercation are in dispute, but facts alleged in PPG's special defense, filed March 27, 1996, and admitted by the plaintiff, demonstrate that the altercation occurred while both vehicles were stopped at a toll booth, that DeAngelo exited his vehicle, damaged the plaintiff's vehicle, the plaintiff stepped out of his vehicle and DeAngelo hit him in the face. Both parties agree that DeAngelo's actions were intentional.
PPG points to the case of Brown v. Housing Authority,23 Conn. App. 624, 583 A.2d 643, cert. denied, 217 Conn. 808,585 A.2d 1233 (1990), for the proposition that the acts of DeAngelo are "so clearly without the scope of his authority that the question is one of law." Id., 628. In Brown, the defendant was an employee of the Housing Authority of New Haven. He was traveling to a job site in a Housing Authority van when an altercation ensued, resulting in the defendant chasing the plaintiff in his van, exiting the van when the plaintiff stopped, chasing him around his car and hitting him in the chest with a hammer. "A master is liable only for those torts of his servant which are done with a view of furthering his master's business within the field of his employment — for those which have for their purpose the execution of the master's orders or the work assigned to him to do." Id., 628. (Quotation marks omitted.) The court held that summary judgment was appropriate because the intentional and criminal acts were, as a matter of law, in no way connected to the defendant's business. Id. CT Page 5261-UUUUUU
The plaintiff cites to Glucksman v. Walters, 38 Conn. App. 140,659 A.2d 1217 (1995), in response. In Glucksman, a part time employee of the YMCA attacked the plaintiff during a basketball game at the YMCA. The court held that a directed verdict was inappropriate because a jury could have reasonably found that, but for his position as an employee, the defendant would not have been on the court, that the defendant was responsible for helping to maintain order on the court, that the defendant attacked the plaintiff in a misguided effort to prevent the plaintiff from committing fouls and disrupting the game. Id., 148.
The case before the court is very similar to Brown v. HousingAuthority. While the evidence before the court is sparse, viewing the evidence in the light most favorable to the plaintiff, there is nothing before the court that would permit a determination that DeAngelo was acting in any way to further his employer's business. In the Glucksman case, there was evidence presented that employees of the YMCA were responsible for maintaining order on the basketball court. It is difficult to discern how a salesperson, driving between sales calls, would be executing his employer's orders by jumping out of his vehicle and attacking another's car and person, and the plaintiff has not put this issue in dispute. Accordingly, the defendant's motion for summary judgment is granted.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of August, 1996.
WILLIAM BURKE LEWIS, JUDGE