[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO QUASH
Currently before the court is the defendant's motion, filed on March 13, 2000, for a protective order and/or to quash[1] the plaintiff's subpoena duces tecum served on Jim Sklenka.[2]
This action arises out of an alleged injury incurred by the plaintiff, Patricia Zito, while taking part in a treadmill demonstration on the premises of the defendant, The Sports Authority, Inc. (Sports Authority). William Warner was the Sports Authority employee who conducted the demonstration. The plaintiff alleges that during the demonstration Warner increased the speed of the treadmill causing her to fall and sustain injuries.
Pursuant to Practice Book § 13-27, the plaintiff included in her notice of deposition a request that Sklenka produce certain documents including the "[e]ntire employment file of William Warner, and any and all documents concerning Patricia Zito and incidents involving Patricia Zito."[3] The defendant seeks to prohibit the production of documents requested in the subpoena duces tecum served on Sklenka on the grounds that disclosure of Warner's employment file is confidential and outside the scope of discovery. Specifically, the defendant argues that the request for Warner's employment file is in contravention of General Statutes § 31-128f. In addition, the defendant argues that the request for "any and all documents concerning Patricia Zito and incidents involving Patricia Zito" is overly broad and outside the scope of standard discovery pursuant to Practice Book § 13-9.
First, with regard to the plaintiff's request for Warner's employment file, the defendant argues that this disclosure implicates Warner's right to privacy as protected by § 31-128f. The defendant also argues that the plaintiff failed to obtain either Warner's permission or a judicial order as required by § 31-128f. Finally, the defendant maintains that "[t]he trial court should make available to the [party] only information that it concludes is clearly material and relevant to the issue involved." Rosado v. Bridgeport Roman Catholic Diocesan Corp., Superior Court, judicial district of Fairfield, Docket No. 300272 (December 8, 1994, Levin, J.).
Section 31-128f states in pertinent part: "No individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer without the written authorization of such employee except where the information is limited to the verification of dates of employment and the employees title or position and wage or salary or where the disclosure is made . . . pursuant to a lawfully issued . . . judicial order, including a subpoena, or in response to the . . . defense of personnel-related complaints against the employer. . . ." This section does not confer "a general privilege or confidential status on the personnel files of private institutions." CT Page 10699Rosado v. Bridgeport Roman Catholic Diocesan Corp., supra, Superior Court, Docket No. 300272. As a result, personnel files are subject to disclosure pursuant to certain conditions. See id.
Nevertheless, the ultimate "granting or denial of a discovery request rests in the sound discretion of the court." Standard Tallow Corp. v.Jowdy, 190 Conn. 48, 57, 459 A.2d 503 (1983). "That discretion applies to "decisions concerning whether the information is material, privileged, substantially more available to the disclosing party, or within the disclosing party's knowledge, possession or power.'" Brown v. HousingAuthority, 23 Conn. App. 624, 626-27, 583 A.2d 643 (1990), quotingStandard Tallow Corp. v. Jowdy, supra, 59-60.
"The disclosure of such information [contained in a personnel file] must be carefully tailored to a legitimate and demonstrated need for such information in any given case. Where disclosure of the personnel file would place in the hands of a [party] irrelevant or personal and sensitive information concerning . . . [another], the entire file should not be disclosed. No. [party] has the right to conduct a general "fishing expedition' into the personnel records of [another]. . . . Because discovery of matters contained in a . . . personnel file involves careful discrimination between material that relates to the issues involved and that which is irrelevant to those issues, the judicial authority should exercise its discretion in determining what matters should be disclosed. . . . Because the law furnishes no precise or universal test of relevancy, the question must be determined on a case by case basis according to the teachings of reason and judicial experience. . . ." (Citations omitted; internal quotation marks omitted.) Rosado v.Bridgeport Roman Catholic Diocesan Corp., supra, Superior Court, Docket No. 300272, quoting State v. Januszewski, 182 Conn. 142, 172-173,438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S.Ct. 3159,69 L.Ed.2d 1005 (1981). In a civil case, an "[i]n camera review by the court reasonably satisfies the plaintiff's need for information necessary to establish his case while respecting [the] defendant's limited expectation of privacy in his personnel file as reflected in the implicit policy of General Statutes § 31-128f that the documents in such files not be cavalierly divulged by an employer." Id. (civil case adopted criminal standard for personnel file disclosure).
Pursuant to the foregoing, the defendant's motion for a protective order and/or to quash the plaintiff's request for Warner's employment file is denied. The court hereby orders an in camera review of Warner's employment file in its entirety to determine what, if anything, therein is clearly material and relevant to the issue involved. The court will ultimately determine what matters within the file will be disclosed. CT Page 10700
Finally, with regard to the plaintiff's request for "any and all documents concerning Patricia Zito and incidents involving Patricia Zito," the defendant argues that this information: (1) is not within Sklenka's possession because he no longer works for the defendant; (2) was already provided pursuant to requests for production dated June 28, 1999; and (3) the request is overly broad and not limited to the incident involved in the case.
The plaintiff's request for production dated June 28, 1999, which the defendant objected to and produced, included the following: (1) a copy of the non-privileged statement of any party in this lawsuit concerning this action or its subject matter; (2) accident report files concerning the incidents set forth in the complaint; (3) all non-privileged documents on file or retained by the defendant concerning the incidents set forth in the complaint prepared prior to the commencement of this lawsuit; and (4) a log of all documents claimed to be privileged that were prepared prior to the commencement of this lawsuit.
It seems that the documents produced pursuant to this request would likely include the information requested in the present subpoena regarding Patricia Zito. Additionally, the information currently requested would seem to have remained in the possession of the defendant and not with the deponent, Sklenka, who is no longer employed by the defendant. Without a more specific statement as to what information is sought with reference to the relevant issues in the case, the court has no basis upon which to determine whether the information would be reasonably calculated to lead to the discovery of admissible evidence. See Practice Book § 13-2; see also Rosado v. Bridgeport RomanCatholic Diocesan Corp., supra, Superior Court. Docket No. 300272. Accordingly, as to this aspect of the subpoena, the defendant's motion for a protective order and/or to quash is granted.
BY THE COURT
Hon. Andre M. Kocay, J.