**Ann Marie ROBERTS, Plaintiff,**

v.

**CIRCUIT–WISE, INC., Defendant.**

**No. 3:00CV01662(GLG).**

United States District Court,
D. Connecticut.

Jan. 25, 2001.

Daniel Howard Schneider, Tieman & Schneider, Huntington, CT, Michael W. Mackniak, New Haven, CT, for Ann Marie Roberts.

Michael P. Devlin, Warren L. Holcomb, Dean R. Singewald, II, Berchem, Moses & Devlin, P.C., Milford, CT, for Circuit Wise, Inc.

## MEMORANDUM DECISION

GOETTEL, District Judge.

This is a sexual harassment case brought under the federal and state civil rights statutes, in which plaintiff has filed the usual plethora of pendent common-law state claims. Defendant has moved to dismiss each of these common-law claims under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted. For the reasons set forth below, defendant's motion to dismiss [**Doc. # 18**] is granted in part and denied in part.

### Discussion

A motion to dismiss filed pursuant to Rule 12(b)(6), Fed.R.Civ.P., tests only the legal sufficiency of the complaint and should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss, we accept as true all allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir.1996). Accordingly, the following facts are taken directly from plaintiff's amended complaint.

Briefly stated, plaintiff alleges that, while employed by defendant, she was subjected to unwanted sexual harassment by her direct supervisor, a male, whom she refers to as "male lead man in the Receiving Department." (Pl.'s Compl. ¶ 12.) This harassment consisted of highly offensive and unwelcome touchings of plaintiff by her supervisor, including his rubbing up against her, touching her shoulders and back, and pulling her bra strap, and sexual comments made to and about her. Plaintiff alleges that she also witnessed "the male lead man perform highly offensive and unwelcome sexual touching comments to other employees and visitors of the facility." (Pl.'s Compl. ¶ 14.) It is unclear exactly when this alleged harassment started, but plaintiff does state that in 1992 she complained to management. She was told that, "because there was no witness, they could not process the claims." (Pl.'s Compl. ¶ 19.) Plaintiff believes that her complaint was relayed by management to defendant's personnel department.

The unwelcome conduct by plaintiff's supervisor continued, and in 1998 plaintiff finally submitted a formal complaint to the person designated in defendant's written sexual harassment policy to receive such complaints. Disciplinary action was taken against the harasser, who was ultimately terminated on September 10, 1998. Plaintiff remained employed by defendant.

Plaintiff alleges that the "male lead man's offensive words and actions, and unwanted and unwelcome touching, caused [her] great unhappiness and humiliation," and that she has suffered greatly from stress and anxiety. (Pl.'s Compl. ¶ 26.)

After dual-filing a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commis-

sion, plaintiff commenced the instant lawsuit. Counts one and two are for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and Connecticut's Fair Employment Practices Act. The remaining five counts are common-law state claims against defendant, all arising out of the same facts set forth above.

## I. Count III—Negligent Hiring and Supervision

██ In count three entitled "negligent hiring and supervision," plaintiff alleges that defendant failed to "exercise reasonable care in supervising the male supervisors in the performance of their duties at their facility." (Pl.'s Compl. ¶ 52.) Although also entitled a claim for negligent hiring, this count contains no allegations regarding the hiring of plaintiff's supervisor.[1] Thus, we focus solely on her claim of negligent supervision.

██ Under Connecticut law, a plaintiff may sue an employer for negligent supervision of its employees. *Gutierrez v. Thorne*, 13 Conn.App. 493, 500, 537 A.2d 527 (1988). A plaintiff must plead and prove that she suffered an injury due to the defendant's failure to supervise an employee whom the defendant had a duty to supervise. A defendant does not owe a duty of care to protect a plaintiff from another employee's tortious acts unless the defendant knew or reasonably should have known of the employee's propensity to engage in that type of tortious conduct. *Shanks v. Walker*, 116 F.Supp.2d 311, 314 (D.Conn.2000).

In this case, plaintiff has alleged that defendant knew or should have known that "the male lead man by virtue of his attitude toward employees beneath him, and his conduct towards them, might well sexually harass persons such as plaintiff." (Pl.'s Compl. ¶ 53.) She then states that defendant failed to become aware of the sexual harassment by the male lead man which continued over many months and failed to provide plaintiff with a safe place to work. (Pl.'s Compl. ¶¶ 54, 55.)

Plaintiff has failed to set forth any specifics concerning the lead man's attitude toward employees beneath him or his conduct towards them which should have put defendant on notice of his propensity to sexually harass co-employees. We have serious reservations as to whether plaintiff will be able to meet her burden of proving sufficient facts from which a reasonable juror could conclude that defendant reasonably should have anticipated "that harm of the general nature of that suffered was likely to result." *Gutierrez*, 13 Conn. App. at 500, 537 A.2d 527 (citing D. Wright & J. Fitzgerald, *Connecticut Law of Torts* § 29 (2d ed.)). Neither side has addressed this issue.

██ The Federal Rules of Civil Procedure, however, require only notice pleading. At this juncture, we are unable to find that plaintiff will not be able to prove any set of facts in support of her negligent supervision claim that would entitle her to relief.

Nevertheless, defendant asserts that this claim must be dismissed because it is barred by the exclusivity provision of Con-

---

1. A negligent hiring claim requires a plaintiff to plead and prove that she was injured by the defendant's own negligence in failing to select as its employee a person who was fit and competent to perform the job in question and that her injuries resulted from the employee's unfit or incompetent performance of his work. Not only has plaintiff failed to allege any facts that would support a negligent hiring claim, plaintiff has also failed to allege the required elements of a claim for negligent hiring. *See Shanks v. Walker*, 116 F.Supp.2d 311, 314 (D.Conn.2000) (citations omitted).

necticut's Workers' Compensation Act, Conn.Gen.Stat. § 31–284(a),[2] citing the Connecticut Supreme Court's recent decision in *Driscoll v. General Nutrition Corp.*, 252 Conn. 215, 752 A.2d 1069 (2000).

In *Driscoll,* the certified issue before the Court was whether an employee, who alleged that she had been sexually assaulted physically as well as emotionally, could avoid the statutory rule of exclusivity by expressly limiting her tort action to a claim for emotional distress and emotional injury. *Id.* at 220, 752 A.2d 1069. The Connecticut Supreme Court held that the exclusivity provision controlled, thus barring plaintiff from pursuing a tort claim for damages for emotional distress resulting from the physical and sexual assault that occurred during and in the course of her employment.

■ It is not clear to this Court that *Driscoll* should be read as broadly as defendant advocates, so as to preclude all negligence claims by an employee against his or her employer simply because there was a physical touching involved rather than just verbal sexual harassment. In *Driscoll,* the plaintiff was subjected to "an invasive physical contact. The plaintiff's emotional distress, as alleged in her own complaint, arose from or was caused by a physical injury." 252 Conn. at 225, 752 A.2d 1069. In the instant case, however, the facts are not as clear-cut. Plaintiff alleges that she was subjected to sexual harassment by her supervisor over an ex-tended period of time (at least six years), and that the harassment was verbal and, at other times, involved unwelcome physical touchings. It is not at all clear that all of plaintiff's alleged emotional injuries arose out of or were caused by physical injuries. *See* Conn.Gen.Stat. § 31–275(16)(B)(ii). Therefore, the Court declines to apply *Driscoll* to bar plaintiff's claim for negligent supervision based upon the facts alleged in the amended complaint.

Accordingly, we deny defendant's motion to dismiss plaintiff's negligent supervision claim in count three, but grant defendant's motion to dismiss her negligent hiring claim.

## II. Count IV—Negligent Infliction of Emotional Distress

■ In count four, plaintiff alleges that defendant negligently inflicted emotional distress on her by failing to become aware of the conduct of her supervisor and preventing such conduct. (Pl.'s Compl. ¶¶ 58–62.) Defendant relies on the Connecticut Supreme Court's holding in *Parsons v. United Technologies Corp.*, 243 Conn. 66, 88, 700 A.2d 655 (1997), which held that a claim for negligent infliction of emotional distress in the employment context arises only when it is based on unreasonable conduct of the defendant in the termination process, and argues that since plaintiff was never terminated, this claim must be dismissed. We agree.

**2.** Section 31–284(a), Conn.Gen.Stat., provides in relevant part:

An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment ... but an employer shall secure compensation for his employees as provided under this chapter.... All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees ... arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter....

"Personal injury" is then defined by the Act to *exclude* "a mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease." Conn. Gen.Stat. § 31–275(16)(B)(ii).

This Court has consistently held in employment cases that a state-law claim for negligent infliction of emotional distress arises only in the context of a termination. *See, e.g., Gomez–Gil v. University of Hartford,* 63 F.Supp.2d 191, 193 (D.Conn.1999); *Cameron v. St. Francis Hosp. & Med. Ctr.,* 56 F.Supp.2d 235, 240 (D.Conn.1999); *Williams v. H.N.S. Mgmt. Co.,* 56 F.Supp.2d 215, 221 (D.Conn.1999); *Perillo v. Perkin–Elmer Corp.,* No. 3:97CV513(AHN), 1998 WL 846737, at *3 (D.Conn. Dec.3, 1998); *Cowen v. Federal Express,* 25 F.Supp.2d 33, 40 (D.Conn. 1998); *White v. Martin,* 23 F.Supp.2d 203, 208 (D.Conn.1998), *aff'd,* 198 F.3d 235, 1999 WL 973622 (2d Cir.1999); *see also Pavliscak v. Bridgeport Hosp.,* 48 Conn. App. 580, 711 A.2d 747, *cert. denied,* 245 Conn. 911, 718 A.2d 17 (1998). However, as we have previously noted, the Second Circuit in dictum has expressed doubt as to whether the Connecticut Supreme Court would continue to limit the tort of negligent infliction of emotional distress to actions taken in the course of an employee's termination. *Malik v. Carrier Corp.,* 202 F.3d 97, 103–04 n. 1 (2d Cir.2000).[3]

---

**3.** The Second Circuit, citing the Connecticut Superior Court decision in *Karanda v. Pratt & Whitney Aircraft,* No. CV–98–5820255, 1999 WL 329703, at *4 (Conn.Super. May. 10, 1999), speculated that the Connecticut Supreme Court might permit a claim for negligent infliction of emotional distress in the absence of a termination, in light of the 1993 amendments to the Workers' Compensation Act that excluded coverage for mental and emotional impairment. *Malik,* 202 F.3d at 103–04 n. 1; *see* note 2, *supra.* These amendments followed the seminal decision of *Morris v. Hartford Courant Co.,* 200 Conn. 676, 682, 513 A.2d 66 (1986), although they predated by four years the Connecticut Supreme Court's decision in *Parsons,* which quoted *Morris* with approval. The Second Circuit read the Court's statement in *Parsons,* that "few courts have addressed the requirements of a claim for [emotional distress] within the context of an employment relationship as a whole, much less in the context of the termination of such a relationship," 243 Conn. at 89, 700 A.2d 655, as "arguably acknowledg[ing] the possibility that such a claim might arise in the employment context." *Id.* The Second Circuit concluded: "Whether a viable emotional distress claim for negligent acts in the employment context exists under Connecticut law is thus unclear." *Id.*

Generally, however, the Connecticut courts have continued to limit the scope of this tort in employment cases to extreme and outrageous conduct in the termination process. *See, e.g., Odell v. Episcopal Diocese of Conn.,* No. CV990592395S, 2000 WL 1227318, at *3 (Conn.Super.Ct. Aug.9, 2000) (holding that a negligent infliction of emotional distress claim in an employment case must arise from outrageous conduct in the termination process); *Ferraro v. Stop & Shop Supermarket Co.,* No. CV960388031S, 2000 WL 768525, at *3 (Conn.Super.Ct. May 25, 2000) (striking plaintiff's negligent infliction of emotional distress claim where plaintiff had not been terminated); *Dollard v. Orange Bd. of Educ.,* No. CV99–067338, 2000 WL 192804, at *1 (Conn.Super.Ct. Feb.2, 2000) (striking plaintiff's claim for negligent infliction of emotional distress because it did not allege an unlawful termination or extreme and outrageous conduct); *Austin v. Sonitrol Communications Corp.,* No. CV 990589116S, 1999 WL 1241927, at *1 (Conn.Super.Ct. Dec.3, 1999) (limiting a claim for negligent infliction of emotional distress to the circumstances of the actual termination); *Thompson v. Bridgeport Hosp.,* No. CV 980352686, 1999 WL 1212310, at *4 (Conn.Super.Ct. Nov.17, 1999) (holding that plaintiff had not adequately alleged a claim for negligent infliction of emotional distress because she failed to allege an unlawful termination); *Hart v. Knights of Columbus,* No. CV 980417112S, 1999 WL 682046, at *4 (Conn.Super.Ct. Aug.19, 1999) (striking the claim for negligent infliction of emotional distress where the plaintiff alleged only constructive discharge); *Rosenberg v. Meriden Housing Auth.,* No. CV 950377376, 1999 WL 1034611, at *9 n. 7 (Conn.Super.Ct. Oct.29, 1999) (discussing *Karanda,* but following the express language of *Parsons,* which the court noted was decided after the amendments to the Workers' Compensation Act); *Dorlette v. Harborside Healthcare Corp.,* No. CV 990266417, 1999 WL 639915, at *3 (Conn.Super.Ct. Aug.9, 1999) (rejecting the rationale of *Karan-*

Our review of the Connecticut state court cases indicates that a decisive majority has continued to adhere to the requirement of a termination in order for a plaintiff to assert a claim for negligent infliction of emotional distress in an employment context. *See* note 3, *supra.* Absent further clarification from the Connecticut Supreme Court or the Second Circuit, we adhere to the well-established precedent of this District and hold that a common-law claim for negligent infliction of emotional distress requires plaintiff to plead unreasonable conduct in the termination process. In this case, because plaintiff was never terminated, we hold, as a matter of law, that she cannot maintain a claim for negligent infliction of emotional distress.[4]

### III. Count V—Negligent Assault & Battery

 Plaintiff's fifth count asserts that defendant breached a duty owing to plaintiff of providing a safe working environment when "harmful or offensive contact by the male lead man occurred against the plaintiff." (Pl.'s Compl. ¶ 64.) Plaintiff has misleadingly entitled this claim "negligent assault and battery." As pled, this claim is clearly based upon a physical injury, the "harmful and offensive *contact*" by plaintiff's supervisor. This claim is barred by the exclusivity provision of the Work-

ers' Compensation Act. *See Driscoll,* 252 Conn. at 228, 752 A.2d 1069.

### IV. Count VI—Assault & Battery

 In count six, plaintiff alleges that defendant breached its duty of providing her with a safe working environment when offensive and harmful contact occurred "by and through [defendant's] agent." (Pl.'s Compl. ¶¶ 67–70.) It is well settled under Connecticut law that an employer is not vicariously liable for the intentional torts committed by an employee, except under limited circumstances not applicable here. *See A–G Foods, Inc. v. Pepperidge Farm, Inc.,* 216 Conn. 200, 208, 579 A.2d 69 (1990); *Brown v. Housing Auth.,* 23 Conn.App. 624, 583 A.2d 643 (1990). Moreover, in the instant case, plaintiff has alleged sexual misconduct by an employee, who was acting outside the scope of employment and in a manner prohibited by defendant's sexual harassment policy. *See Gutierrez,* 13 Conn.App. at 499, 537 A.2d 527. Thus, defendant cannot be held vicariously liable in tort for the alleged sexual assault and battery.

### V. Count VII—Intentional Infliction of Emotional Distress

In her seventh count, plaintiff alleges intentional infliction of emotional distress by defendant. She alleges in conclusory fashion that defendant's conduct was ex-

da ); *but see Smith v. City of Hartford,* No. X07CV980070792S, 2000 WL 1058877, at *12 (Conn.Super.Ct. July 14, 2000) (holding that a plaintiff must allege some conduct other than the termination itself to support a negligent infliction of emotional distress claim, citing *Appleton v. Board of Educ. of Stonington,* 53 Conn.App. 252, 730 A.2d 88 (1999)); *Benson v. Northeast Utils.,* No. CV 99058697, 2000 WL 151203, at *1 (Conn.Super.Ct. Jan.20, 2000) (following *Karanda* ); *Martins v. Bridgeport Hosip.,* No. CV 980350684S, 1999 WL 989451, at *3 (Conn.Super.Ct. Oct.6, 1999) (same). Thus, a significant majority of the Connecticut Superior Courts has continued to

require an unlawful termination in order to state a claim for negligent infliction of emotional distress in an employment context.

4. Additionally, although not raised by defendant, we note that plaintiff's claim for negligent infliction of emotional distress is fatally defective for another reason. Plaintiff has not alleged that defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. *Morris v. Hartford Courant Co.,* 200 Conn. 676, 683, 513 A.2d 66 (1986).

treme and outrageous "by and through the intentional acts of their employee agent." (Pl.'s Compl. ¶ 72.)

■ Under Connecticut law, to state a cause of action for intentional infliction of emotional distress, a plaintiff must allege that: (1) the defendant intended or knew that emotional distress would likely result from its conduct; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused plaintiff distress: and (4) that plaintiff's distress was severe. *Appleton v. Board of Educ. of Stonington,* 254 Conn. 205, 210, 757 A.2d 1059 (2000); *Vorvis v. Southern New Eng. Tel. Co.,* 821 F.Supp. 851, 855 (D.Conn. 1993), (citing *Petyan v. Ellis,* 200 Conn. 243, 253, 510 A.2d 1337 (1986)).

■ In interpreting what constitutes "extreme and outrageous" conduct, Connecticut courts have relied on the Restatement (Second) of Torts § 46, comment d (1965), which provides: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See DeLaurentis v. City of New Haven,* 220 Conn. 225, 266–67, 597 A.2d 807 (1991); *Petyan v. Ellis,* 200 Conn. at 254 n. 5, 510 A.2d 1337. Whether a defendant's conduct rises to the level of being "extreme and outrageous" is a question to be determined by the court in the first instance. *See, e.g., Johnson v. Chesebrough–Pond's USA Co.,* 918 F.Supp. 543, 552 (D.Conn.), *aff'd,* 104 F.3d 355, 1996 WL 734043 (2d Cir.1996); *Appleton,* 254 Conn. at 210, 757 A.2d 1059. It is only when reasonable minds disagree that it becomes an issue for the jury. *Appleton,* 254 Conn. at 210, 757 A.2d 1059.

■ Here, plaintiff has not alleged that any of the actions taken by defendant were done in a manner that was so egregious or oppressive as to rise to the level of extreme and outrageous conduct. Her claims of outrageous conduct pertain to behavior of a supervisor and the alleged failure of defendant to prevent the harassment. Under the circumstances alleged, defendant's conduct and/or inaction does not rise to the level of intentional, extreme and outrageous conduct that would support a claim for intentional infliction of emotional distress. *See Appleton,* 254 Conn. at 211, 757 A.2d 1059; *Dobrich v. General Dynamics,* 40 F.Supp.2d 90, 104–05 (D.Conn.1999); *Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1242 (2d Cir.1995); *Johnson v. Chesebrough–Pond's,* 918 F.Supp. at 553; *Kintner v. Nidec–Torin Corp.,* 662 F.Supp. 112, 114 (D.Conn.1987); *Jewett v. General Dynamics Corp.,* No. 530943, 1997 WL 255093, at *7 (Conn.Super.Ct. May 7, 1997). We, therefore, dismiss plaintiff's claim for intentional infliction of emotional distress.

### Conclusion

Accordingly, we grant defendant's motion to dismiss counts four through seven of plaintiff's amended complaint. Also, plaintiff's claim for negligent hiring in count three is dismissed. Defendant's motion to dismiss plaintiff's claim for negligent supervision in count three is denied.

SO ORDERED.