[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This case involves a motor vehicle accident between the plaintiff and the defendant Leah Klein. On February 2, 1998, Leah Klein was driving her automobile out of a parking lot owned by her employer, defendant Oxford Health Plans, when her automobile collided with that driven by the plaintiff. The accident occurred at approximately 3:30 p.m. as Klein was CT Page 955 leaving her employer's parking lot having finished work for the day. The issue before the court is whether the employer, Oxford Health Plan is entitled to summary judgment on the third count of the complaint which seeks damages from the defendant Oxford Health Plan on a respondeat superior theory of liability.
In support of its motion for summary judgment, Oxford offered the deposition testimony of the co-defendant Klein.[1] Klein testified that, at the time of the accident, she worked for the defendant five days a week. Her working hours were 7:00 a.m. to 3:30 p.m.. She stated that she had ended her work day on the date of the accident. She had "swiped" her card and exited the doors of the building and entered the parking lot. She got into her car to go home. The accident happened on Spring Hill Road after she had driven her vehicle out of Oxford's parking lot.
The plaintiff alleges that at the time of the accident Leah Klein was an agent, servant or employee of the defendant Oxford Health Plans, Inc. and was acting within the scope of and incidental to her employment. The plaintiff introduced deposition testimony from the defendant Klein to support this allegation. Specifically plaintiff offered the testimony of Klein that Oxford provided parking for its employees, did not charge its employees a fee for the parking, and the employees did register their cars with Oxford. Klein used the parking lot provided to the employees every day that she drove to work. There was no other parking available. Klein testified that she considered the parking a benefit of being an Oxford Health Plan employee. Plaintiff argues that there is no question about the control of the premises (parking lot) resting with Oxford. The plaintiff urges the court to look to workers' compensation cases in order to examine the employment relationship between Klein and Oxford as it relates to the present case. The court is not persuaded by the plaintiff's argument.
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary Judgment, the trial court must view the evidence in the light most favorable to the non-moving party." (Internal quotation marks omitted.)QSP, Inc v. Aetna Casualty and Surety Company, 256 Conn. 343, 351,773 A.2d 906 (2001). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a CT Page 956 genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209,757 A.2d 1059 (2000).
The plaintiff cites Cirrito v. Turner Construction Company,189 Conn. 701, 705, 458 A.2d 678 (1983) for the proposition that the phrase "arising out of . . . the execution of work) as used in the context of an indemnity clause is similar to phrases used "in the Workers' Compensation Act, where the sine qua non is that the injury arise out of and in the course of employment."[2] Therefore, the plaintiff reasons "it is appropriate to look to workers' compensation cases to examine the employment relationship between Klein and Oxford as it relates to the present case." Plaintiff urges this court to read the "scope of employment" rule of respondeat superior as broadly as the "arising out of and in the course of employment" test of workers' compensation. The plaintiff argues that these terms are used interchangeably in Connecticut.
While the language may be used interchangeably, the two theories of liability entail different tests and are distinguishable at common law. "The end product of a vicarious liability case is not an adjustment of rights between employer and employee on the strength of their mutual arrangement, but a unilateral liability of the master to a stranger. The sole concern of the vicarious liability rule, then, is with the master: Did he or she accept and control the service that led to the stranger's injury? . . . Compensation law, however, is a mutual arrangement between employer and employee under which both give up and gain certain things. The rights to be adjusted are reciprocal rights between employer and employee . . ." A. Larson L. Larson Workers' Compensation Law (2000) p. 64-2-64-3.
In determining liability under the two theories, courts apply different tests. Under the Worker's Compensation Act, "it is well settled that, because the purpose of the act is to compensate employees for injuries without fault by imposing a form of strict liability on employers, to recover for an injury under the act a plaintiff must prove that the injury is causally connected to the employment. To establish a causal connection, a plaintiff must [causally connected to the employment. To establish a causal connection, a plaintiff must] demonstrate that the claimed injuries (1) arose out of the employment, and (2) in the course of the employment." Spatafore v. Yale University, 239 Conn. 408, 417,684 A.2d 1155 (1996). "Proof that the injury `arose out of the employment' relates to the time, place and circumstances of the injury . . . Proof that the injury occurred `in the course of employment,' means that the "injury must occur (a) within the period of employment; (b) at a place the employee may reasonably be; and (c) while the employee is CT Page 957 reasonably fulfilling the duties of the employment or doing something incidental to it." Crochiere v. Board of Education, 227 Conn. 333, 349.630 A.2d 1027 (1993). "Because the act is extended to cover conduct that is incidental to employment, even when an employee is still in the process of coming to or going from work, once he or she is on the premises . . . this court has found the employee to be within the period employment." McNamara v. Hamden, 176 Conn. 547, 551, 398 A.2d 1161
(1979).
On the other hand, the test for vicarious liability does not so much involve "where" the employee was located when the injury occurred, as much as it involves whether the employee was "furthering the employer's business" at the time of the injury. "A master is liable only for those torts of his servant which are done with a view of furthering his master's business within the field of this employment — for those which have for their purpose the execution of the master's orders or the doing of the work assigned to him to do" (Internal quotation marks omitted.)Brown v. Housing Authority, 23 Conn. App. 624, 628, 583 A.2d 643 (1990), cert. denied, 217 Conn. 808, 585 A.2d 1233 (1991). Accordingly, even if an employee is driving from one job site to another at the time the injury occurs, the employer is not liable if the conduct of the employee that caused the injury did not further the employer's business interests. "`[i]n the course of employment' means while engaged in the service of the master, and is not synonymous with the phrase `during the period covered by his employment.'" Id., 628.
The plaintiff suggests that Glucksman v. Walters, 38 Conn. app. 140,659 A.2d 1217, cert. denied, 235 Conn. 914, 665 A.2d 608 (1995) stands for the propostion that under vicarious liability "it is important where the employee is when the acts and omissions are alleged to have occurred." However, in that case, the determining factor was not that the defendant was in his employer's gymnasium when the incident occurred, but that his conduct in playing basketball could have been construed as furthering the employer's business even though he was not technically working at the time. Glucksman v. Walters, supra, 38 Conn. App. 148. The Glucksman court was quite clear that "[u]nless [the employee] was actuated at least in part by a purpose to serve a principal, the principal is not liable." (Internal quotation marks omitted.) Id., 144.
An employee may receive workers' compensation benefits for an accident that occurs when the employee is leaving work. For the purposes of vicarious liability, however, the issue is not where the defendant was at the time of the accident, but rather whether she was "in furtherance of the master's business" at the time. "In most cases, it is the function of the jurors to determine from the facts before them whether, under this test, a servant was acting within the scope of his employment. In some CT Page 958 situations, however, the acts of the servant are so clearly without the scope of his authority that the question is one of law." (Citations omitted, internal quotation marks omitted.) Brown v. Housing Authority,
supra, 23 Conn. App. 628. This is such a case. Because there is no question that at the time of the accident Klein had left work for the day and was not in furtherance of Oxford's business, Oxford cannot be found to be vicariously liable to the plaintiff.
The motion for summary judgment is granted.
GALLAGHER, J.