**Anthony R. ABATE, Plaintiff,**

v.

**CIRCUIT–WISE, INC., Defendant.**

**No. 3:00CV01452(GLG).**

United States District Court,
D. Connecticut.

Jan. 25, 2001.

---

Michael W. Mackniak, New Haven, CT, for plaintiff.

Michael P. Devlin, Warren L. Holcomb, Dean R. Singewald, II, Bercham, Moses & Devlin, P.C., Milford, CT, for defendant.

### MEMORANDUM DECISION

GOETTEL, District Judge.

This is a sexual harassment case brought under the federal and state civil rights statutes, in which plaintiff has filed the usual plethora of pendent common-law state claims. Defendant has moved to dismiss each of these common-law claims under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted. For the reasons set forth below, defendant's motion to dismiss [**Doc. # 22**] is granted in part and denied in part.

### *Discussion*

A motion to dismiss filed pursuant to Rule 12(b)(6), Fed.R.Civ.P., tests only the legal sufficiency of the complaint and should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss, we accept as true all allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *Still v. DeBuono,* 101 F.3d 888, 891 (2d Cir.1996). Therefore, the following facts are taken directly from plaintiff's complaint.

Briefly stated, plaintiff alleges that, while employed by defendant, he was subjected to unwanted sexual harassment by his direct supervisor, a male, whom he refers to as "male lead man in the Receiving Department." (Pl.'s Compl. ¶ 12.) This harassment consisted of highly offensive and unwelcome touchings of plaintiff by the supervisor, including pinching plaintiff's cheeks, holding plaintiff by his mid-

section, grabbing plaintiff by his sides, and touching plaintiff with his genital area. (Pl.'s Compl. ¶ 21.) Plaintiff also states that the supervisor made highly offensive and unwelcome sexual comments to and about plaintiff. (Pl.'s Compl. ¶ 12.) Plaintiff first complained to a union officer about the harassment. Plaintiff states that, on information and belief, the union officer relayed this information to management. (Pl.'s Compl. ¶¶ 19, 20.) He states that he felt unable to complain to management because he had heard of and witnessed past sexual harassment of other employees and visitors to the facility, who had made complaints that were not acted upon. (Pl.'s Compl. ¶ 17.)

The unwelcome conduct by plaintiff's supervisor continued, and in 1998 plaintiff submitted a formal complaint to the person designated in defendant's written sexual harassment policy to receive such complaints. The supervisor was ultimately terminated on September 10, 1998, when a co-worker made a complaint of unwanted and unwelcome touching and comments by the supervisor. Plaintiff remained employed by defendant.

Plaintiff alleges that he suffered severe stress, anxiety, depression and emotional distress as a result of the harasser's conduct and actions. Plaintiff sought therapy, received medication for the depression, experienced problems sleeping, and attempted suicide as a result of the actions of the harasser and the inaction by defendant. (Pl.'s Compl. ¶ 30.)

After filing a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission, plaintiff commenced the instant lawsuit. Counts one and two are for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* and Connecticut's Fair Employment Practices Act. The remaining five counts are common-law state claims, all arising out of the same facts set forth above.

### I. Count III—Negligent Hiring and Supervision

In count three entitled "negligent hiring and supervision," plaintiff alleges that defendant failed to exercise "reasonable care in selecting and hiring male supervisors at their facility," (Pl.'s Compl. ¶ 53), and that defendant also failed to exercise reasonable care in supervising the male supervisors in the performance of their duties. (Pl.'s Compl. ¶ 54.)

Under Connecticut law, a negligent hiring claim requires a plaintiff to plead and prove that he was injured by the defendant's own negligence in failing to select as its employee a person who was fit and competent to perform the job in question and that his injuries resulted from the employee's unfit or incompetent performance of his work. *See Shanks v. Walker,* 116 F.Supp.2d 311, 314 (D.Conn.2000) (citations omitted). Plaintiff's only allegation of negligent hiring is the single conclusory statement that defendant failed to exercise reasonable care in selecting and hiring the male supervisors at their facility. (Pl.'s Compl. ¶ 53.) Plaintiff has failed to allege that he was injured by the defendant's negligence in failing to select a fit and competent person to perform the job and that his injuries resulted from the employee's unfit or incompetent performance of his work. These are required elements of a claim for negligent hiring. *Id.* Accordingly, we grant defendant's motion to dismiss plaintiff's negligent hiring claim.

To state a claim for negligent supervision, a plaintiff must plead and prove that he suffered an injury due to the defendant's failure to supervise an employee whom the defendant had a duty to supervise. A defendant does not owe a duty of care to protect a plaintiff from another employee's tortious acts unless the defendant knew or reasonably should have known of the employee's propensity to engage in that type of tortious conduct. *Gutierrez v. Thorne,* 13 Conn.App. 493, 500,

537 A.2d 527 (1988); *Shanks v. Walker,* 116 F.Supp.2d at 314.

In this case, plaintiff has alleged that defendant knew or should have known that "the male lead man by virtue of his attitude toward employees beneath him, and his conduct towards them, might well sexually harass persons such as plaintiff." (Pl.'s Compl. ¶ 55.) He then states that defendant failed to become aware of the sexual harassment by the male lead man which continued over many months and failed to provide plaintiff with a safe place to work. (Pl.'s Compl. ¶¶ 56, 57.)

Plaintiff has failed to set forth any specifics concerning the lead man's attitude toward his subordinates or concerning his conduct towards them which should have put defendant on notice of his propensity to sexually harass male co-employees. We have serious reservations as to whether plaintiff will be able to meet his burden of proving sufficient facts from which a reasonable juror could conclude that defendant reasonably should have anticipated "that harm of the general nature of that suffered was likely to result." *Gutierrez,* 13 Conn.App. at 500, 537 A.2d 527 (citing D. Wright & J. Fitzgerald, *Connecticut Law of Torts* § 29 (2d ed.)). Neither side has addressed this issue.

The Federal Rules of Civil Procedure, however, require only notice pleading. At this juncture, we are unable to find that plaintiff will not be able to prove any set of facts in support of his negligent supervision claim that would entitle him to relief.

■ Nevertheless, defendant asserts that this claim must be dismissed because it is barred by the exclusivity provision of

Connecticut's Workers' Compensation Act, Conn.Gen.Stat. § 31-284(a),[1] citing the Connecticut Supreme Court's recent decision in *Driscoll v. General Nutrition Corp.,* 252 Conn. 215, 752 A.2d 1069 (2000).

In *Driscoll,* the certified issue before the Court was whether an employee, who alleged that she had been sexually assaulted physically as well as emotionally, could avoid the statutory rule of exclusivity by expressly limiting her tort action to a claim for emotional distress and emotional injury. *Id.* at 220, 752 A.2d 1069. The Connecticut Supreme Court held that the exclusivity provision controlled, thus barring plaintiff from pursuing a tort claim for damages for emotional distress resulting from the physical and sexual assault that occurred during and in the course of her employment.

It is not clear to this Court that *Driscoll* should be read as broadly as defendant advocates, so as to preclude all negligence claims by an employee against his or her employer simply because there was a physical touching involved rather than just verbal sexual harassment. In *Driscoll,* the plaintiff was subjected to "an invasive physical contact. The plaintiff's emotional distress, as alleged in her own complaint, arose from or was caused by a physical injury." 252 Conn. at 225, 752 A.2d 1069. In the instant case, however, the facts are not as clear-cut. Plaintiff alleges that he was subjected to sexual harassment by his supervisor over an extended period of time (at least several times a week ever since he was assigned to the Receiving Department), and that the harassment was verbal and, at other times, involved unwelcome

---

1. Section 31–284(a), Conn.Gen.Stat., provides in relevant part:

   An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment ... but an employer shall secure compensation for his employees as provided under this chapter.... All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees ... arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter....

   "Personal injury" is then defined by the Act to *exclude* "a mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease." Conn. Gen.Stat. § 31–275(16)(B)(ii).

physical touchings. It is not at all clear that all of plaintiff's alleged emotional injuries arose out of or were caused by the physical touchings. *See* Conn.Gen.Stat. § 31–275(16)(B)(ii). Therefore, the Court declines to apply *Driscoll* to bar plaintiff's claim for negligent supervision based upon the facts alleged in his amended complaint.

Accordingly, we deny defendant's motion to dismiss plaintiff's negligent supervision claim in count three, but grant defendant's motion to dismiss the negligent hiring claim.

## II. Count IV—Negligent Infliction of Emotional Distress

In count four, plaintiff alleges that defendant negligently inflicted emotional distress on him by failing to become aware of the conduct of his supervisor and preventing such conduct. (Pl.'s Compl. ¶¶ 60–64.) Defendant relies on the Connecticut Supreme Court's holding in *Parsons v. United Technologies Corp.*, 243 Conn. 66, 88, 700 A.2d 655 (1997), which held that a claim for negligent infliction of emotional distress in the employment context arises only when it is based on unreasonable conduct of the defendant in the termination process, and argues that since

plaintiff was never terminated, this claim must be dismissed. We agree.

This Court has consistently held in employment cases that a state-law claim for negligent infliction of emotional distress arises only in the context of a termination. *See, e.g., Gomez–Gil v. University of Hartford*, 63 F.Supp.2d 191, 193 (D.Conn.1999); *Cameron v. St. Francis Hosp. & Med. Ctr.*, 56 F.Supp.2d 235, 240 (D.Conn.1999); *Williams v. H.N.S. Mgmt. Co.*, 56 F.Supp.2d 215, 221 (D.Conn.1999); *Perillo v. Perkin–Elmer Corp.*, No. 3:97CV513(AHN), 1998 WL 846737, at *3 (D.Conn. Dec.3, 1998); *Cowen v. Federal Express*, 25 F.Supp.2d 33, 40 (D.Conn. 1998); *White v. Martin*, 23 F.Supp.2d 203, 208 (D.Conn.1998), *aff'd*, 198 F.3d 235, 1999 WL 973622 (2d Cir.1999); *see also Pavliscak v. Bridgeport Hosp.*, 48 Conn. App. 580, 711 A.2d 747, *cert. denied*, 245 Conn. 911, 718 A.2d 17 (1998). However, we would be remiss in failing to note that the Second Circuit, in dictum, has expressed doubt as to whether the Connecticut Supreme Court would continue to limit the tort of negligent infliction of emotional distress to actions taken in the course of an employee's termination. *Malik v. Carrier Corp.*, 202 F.3d 97, 103–04 n. 1 (2d Cir.2000).² Our review of the Connecticut

**2.** The Second Circuit, citing the Connecticut Superior Court decision of *Karanda v. Pratt & Whitney Aircraft*, No. CV–98–582025S, 1999 WL 329703, at *4 (Conn.Super.Ct. May 10, 1999), speculated that the Connecticut Supreme Court might permit a claim for negligent infliction of emotional distress in the absence of a termination, in light of the 1993 amendments to the Workers' Compensation Act that excluded coverage for mental and emotional impairment. *Malik*, 202 F.3d at 103–04 n. 1. These amendments followed the seminal decision of *Morris v. Hartford Courant Co.*, 200 Conn. 676, 682, 513 A.2d 66 (1986), although they predated by four years the Connecticut Supreme Court's decision in *Parsons*, which quoted *Morris* with approval. The Second Circuit read the Court's statement in *Parsons*, that "few courts have addressed the requirements of a claim for [emotional distress] within the context of an employment relationship as a whole, much less in the context of the termination of such a relationship," 243 Conn. at 89, 700 A.2d 655, as

"arguably acknowledg[ing] the possibility that such a claim might arise in the employment context." *Id.* The Second Circuit concluded: "Whether a viable emotional distress claim for negligent acts in the employment context exists under Connecticut law is thus unclear." *Id.*

Generally, however, the Connecticut courts have continued to limit the scope of this tort in employment cases to extreme and outrageous conduct in the termination process. *See, e.g., Odell v. Episcopal Diocese of Conn.*, No. CV990592395S, 2000 WL 1227318, at *3 (Conn.Super.Ct. Aug.9, 2000) (holding that a negligent infliction of emotional distress claim in an employment case must arise from outrageous conduct in the termination process); *Ferraro v. Stop & Shop Supermarket Co.*, No. CV960388031S, 2000 WL 768525, at *3 (Conn.Super.Ct. May 25, 2000) (striking plaintiff's negligent infliction of emotional distress claim where plaintiff had not been terminated); *Dollard v. Orange Bd. of Educ.*, No. CV99–067338, 2000 WL 192804, at *1

state court cases indicates that a decisive majority has continued to adhere to the requirement of a termination in order for a plaintiff to assert a claim for negligent infliction of emotional distress in an employment context. *See* note 2, *supra*. Absent further clarification from the Connecticut Supreme Court or the Second Circuit, we adhere to the well-established precedent of this District and hold a common-law claim for negligent infliction of emotional distress requires plaintiff to plead unreasonable conduct in the termination process. In this case, because plaintiff was never terminated, we hold, as a matter of law, that he cannot maintain a claim for negligent infliction of emotional distress.[3]

### III. Count V—Negligent Assault & Battery

■■■ Plaintiff's fifth count asserts that defendant breached a duty owing to plaintiff of providing a safe working environment when "harmful or offensive contact by the male lead man [plaintiff's supervi-

sor] occurred against the plaintiff." (Pl.'s Compl. ¶ 66.) This claim plaintiff has misleadingly entitled "negligent assault and battery." As pled, this claim is clearly based upon a physical injury, the "harmful and offensive *contact*" by plaintiff's supervisor. This claim is barred by the exclusivity provision of the Workers' Compensation Act. *See Driscoll*, 252 Conn. at 228, 752 A.2d 1069.

### IV. Count VI—Assault & Battery

■■■ In count six, plaintiff alleges that defendant breached its duty of providing him with a safe working environment when offensive and harmful contact occurred "by and through [defendant's] agent." (Pl.'s Compl. ¶¶ 69–72.) It is well settled under Connecticut law that an employer is not vicariously liable for the intentional torts committed by an employee, except under limited circumstances not applicable here. *See A–G Foods, Inc. v. Pepperidge Farm, Inc.*, 216 Conn. 200, 208, 579 A.2d 69 (1990); *Brown v. Housing*

(Conn.Super.Ct. Feb.2, 2000) (striking plaintiff's claim for negligent infliction of emotional distress because it did not allege an unlawful termination or extreme and outrageous conduct); *Austin v. Sonitrol Communications Corp.*, No. CV 990589116S, 1999 WL 1241927, at *1 (Conn.Super.Ct. Dec.3, 1999) (limiting a claim for negligent infliction of emotional distress to the circumstances of the actual termination); *Thompson v. Bridgeport Hosp.*, No. CV 980352686, 1999 WL 1212310, at *4 (Conn.Super.Ct. Nov.17, 1999) (holding that plaintiff had not adequately alleged a claim for negligent infliction of emotional distress because she failed to allege an unlawful termination); *Hart v. Knights of Columbus*, No. CV 980417112S, 1999 WL 682046, at *4 (Conn.Super.Ct. Aug.17, 1999) (striking the claim for negligent infliction of emotional distress where the plaintiff alleged only constructive discharge); *Rosenberg v. Meriden Housing Auth.*, No. CV 950377376, 1999 WL 1034611, at *9 n. 7 (Conn.Super.Ct. Oct.29, 1999) (discussing *Karanda*, but following the express language of *Parsons*, which the court noted was decided after the amendments to the Workers' Compensation Act); *Dorlette v. Harborside Healthcare Corp.*, No. CV 990266417, 1999 WL 639915, at *3 (Conn.Super.Ct. Aug.9, 1999) (rejecting the rationale of *Karan-*

*da*); *but see Smith v. City of Hartford*, No. X07CV980070792S, 2000 WL 1058877, at *12 (Conn.Super.Ct. July 14, 2000) (holding that a plaintiff must allege some conduct other than the termination itself to support a negligent infliction of emotional distress claim, citing *Appleton v. Board of Educ. of Stonington*, 53 Conn.App. 252, 730 A.2d 88 (1999)); *Benson v. Northeast Utils.*, No. CV 990589697, 2000 WL 151203, at *1 (Conn.Super.Ct. Jan.20, 2000) (following *Karanda*); *Martins v. Bridgeport Hosp.*, No. CV 980350684S, 1999 WL 989451, at *3 (Conn.Super.Ct. Oct.6, 1999) (same). Thus, a significant majority of the Superior Courts has continued to require an unlawful termination in order to state a claim for negligent infliction of emotional distress in an employment context.

3. Additionally, although not raised by defendant, we note that plaintiff's claim for negligent infliction of emotional distress is fatally defective for another reason. Plaintiff has not alleged that defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. *Morris v. Hartford Courant Co.*, 200 Conn. 676, 683, 513 A.2d 66 (1986).

*Auth.*, 23 Conn.App. 624, 583 A.2d 643 (1990). Moreover, in the instant case, plaintiff has alleged sexual misconduct by an employee, who was acting outside the scope of employment and in a manner prohibited by defendant's sexual harassment policy. *See Gutierrez*, 13 Conn.App. at 499, 537 A.2d 527. Thus, defendant cannot be held vicariously liable in tort for the alleged sexual assault and battery.

## V. Count VII—Intentional Infliction of Emotional Distress

■ In his seventh count, plaintiff alleges intentional infliction of emotional distress by defendant. He alleges in conclusory fashion that defendant's conduct was extreme and outrageous "by and through the intentional acts of their employee agent." (Pl.'s Compl. ¶ 74.)

■ Under Connecticut law, to state a cause of action for intentional infliction of emotional distress, a plaintiff must allege that: (1) the defendant intended or knew that emotional distress would likely result from its conduct; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused plaintiff distress: and (4) that plaintiff's distress was severe. *Appleton v. Board of Educ. of Stonington*, 254 Conn. 205, 210, 757 A.2d 1059 (2000); *Vorvis v. Southern New Eng. Tel. Co.*, 821 F.Supp. 851, 855 (D.Conn. 1993), (citing *Petyan v. Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986)).

■ In interpreting what constitutes "extreme and outrageous" conduct, Connecticut courts have relied on the Restatement (Second) of Torts § 46, comment d (1965), which provides: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See DeLaurentis v. City of New Haven*, 220 Conn. 225, 266–67, 597 A.2d 807 (1991); *Petyan v. Ellis*, 200 Conn. at 254 n. 5, 510 A.2d 1337. Whether a defendant's conduct rises to the level of being "extreme and outrageous" is a question to be determined by the court in the first instance. *See, e.g., Johnson v. Chesebrough–Pond's USA Co.*, 918 F.Supp. 543, 552 (D.Conn.), *aff'd*, 104 F.3d 355, 1996 WL 734043 (2d Cir.1996); *Appleton*, 254 Conn. at 210, 757 A.2d 1059. It is only when reasonable minds disagree that it becomes an issue for the jury.

The threshold issue is whether plaintiff has alleged extreme and outrageous conduct by the defendant. Here, plaintiff has not alleged that any of the actions taken by defendant were done in a manner that was so egregious or oppressive as to rise to the level of extreme and outrageous conduct. His claims of outrageous conduct pertain to behavior of a supervisor and the alleged negligent failure of defendant to prevent the harassment. Defendant's alleged negligent failure to prevent sexual harassment does not rise to the level of intentional, extreme and outrageous conduct that would support a claim for intentional infliction of emotional distress. We hold that plaintiff has failed to allege conduct on the part of the defendant from which a reasonable jury would be permitted to infer that defendant's conduct was sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress. *See Appleton*, 254 Conn. at 211, 757 A.2d 1059; *Dobrich v. General Dynamics*, 40 F.Supp.2d 90, 104–05 (D.Conn.1999); *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1242 (2d Cir.1995); *Johnson v. Chesebrough–Pond's*, 918 F.Supp. at 553; *Kintner v. Nidec–Torin Corp.*, 662 F.Supp. 112, 114 (D.Conn.1987); *Jewett v. General Dynamics Corp.*, No. 530943, 1997 WL 255093, at *7 (Conn.Super.Ct. May 7, 1997).

## Conclusion

Accordingly, we grant defendant's motion to dismiss counts four through seven of plaintiff's amended complaint. Also, plaintiff's claim for negligent hiring in count three is dismissed. Defendant's mo-

tion to dismiss plaintiff's claim for negligent supervision in count three is denied.

SO ORDERED.