**Richard CHYLINSKI, Plaintiff,**

v.

**BANK OF AMERICA, N.A.,
et al., Defendants.**

**Civil Action No. 3:08–CV–322 (JCH).**

United States District Court,
D. Connecticut.

April 15, 2009.

Richard A. Chylinski, New Britain, CT, pro se.

Alice A. Kokodis, Edwards Angell Palmer & Dodge, LLP, Boston, MA, John Gerard Stretton, Edwards & Angell, Daniel Schwartz, Sarah Frances Depanfilis, Day Pitney LLP, Stamford, CT, for Defendants.

**RULING RE: DEFENDANTS BANK OF AMERICA, N.A., AND MARK NOBLE'S MOTION TO DISMISS (Doc. No. 65) and DEFENDANTS ADECCO USA AND MARIA BERNACKI'S MOTION TO DISMISS (Doc. No. 67)**

JANET C. HALL, District Judge.

On February 29, 2008, plaintiff Richard Chylinski filed a complaint against Bank of America, N.A., Mark G. Leonard, Donna Spicer, Beverly Haynes, Mark Noble, and Bianca Bingham, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* On August 6, 2008, the court granted Chylinski's unopposed Motion for Leave to File an Amended Complaint for the purpose of adding additional defendants.[1] On July 24, 2008, defendants Bank of America, N.A., Mark Leonard, Mark Noble, Donna Spicer, and Beverly Haynes filed a Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for More Definite Statement.

On October 17, 2008, the court granted the defendants' Motion to Dismiss. It dismissed all claims against Mark G. Leonard, Donna Spicer, Beverly Haynes, Mark Noble, and Bianca Bingham. It dismissed Chylinski's national origin claims for failure to exhaust administrative remedies. It also dismissed sex discrimination claims against defendant Bank of America, N.A., but allowed Chylinski leave to replead.

On December 11, 2008, the court granted Chylinski's Motion to Amend, and directed the Clerk to docket Chylinski's First Amended Complaint. On January 27, 2009, defendants Bank of America, N.A. and Mark Noble filed a Motion to Dismiss Plaintiff's Complaint. On January 28, 2009, defendants Adecco USA and Maria Bernacki filed a Motion to Dismiss Plaintiff's Complaint. Defendants served pro se notices on Chylinski on March 6, 2009 and March 9, 2009 pursuant to Local Rule 12. Chylinski has not filed an opposition to either Motion.

## I. STANDARD OF REVIEW

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Fed. R.Civ.P.* 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that to be sufficient, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." However, in the recent decision of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that to be sufficient, factual allegations in a complaint must " 'raise a right to relief above the speculative level.' " *Boykin v. KeyCorp,* 521 F.3d 202, 213–14 (2d Cir.2008) (quoting *Twombly,* 127 S.Ct. at 1965). According to

---

**1.** Chylinski never docketed an Amended Complaint in response to the court's granting of this Motion.

the Second Circuit, what *Twombly* requires is not "a universal standard of heightened fact pleading," but rather "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir.2007).

The court must also "accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir.2002). The Supreme Court has also emphasized that departing too far from the liberal pleading standards of Rule 8(a) is particularly unwarranted when a complainant is *pro se. Iqbal*, 490 F.3d at 157–58 (citing *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam)).

## II. DISCUSSION

### A. *Count Two: Adecco USA*

■ In Count Two, Chylinski brings a claim against Adecco USA for negligent employment. He alleges that Adecco USA negligently employed the alleged harasser, Bianca Bingham.

■ Connecticut courts have recognized causes of action against an employer for negligence in hiring, retention, or supervision of an employee, in the situation where the employee tortiously injures a third party. *See, e.g., Seguro v. Cummiskey*, 82 Conn.App. 186, 191, 196, 844 A.2d 224 (Conn.App.2004). A claim of negligent employment, like all negligence claims, requires allegations of a duty to the plaintiff, a breach by the defendant of that duty, and that the breach caused damages to the plaintiff.

Chylinski has not alleged how Adecco USA acted negligently in employing Ms. Bingham. More specifically, Chylinski has not alleged how Adecco USA breached any duty to him that it might have had, or how

Adecco USA's negligence caused his alleged damages. Chylinski's sole allegation against Adecco USA is that Ms. Bingham remained its employee after she engaged in sexual harassment against Chylinski, and that Adecco USA acted negligently in employing Ms. Bingham. He does not detail what relief he seeks from Adecco USA.

In order to state a claim for negligent employment, Chylinski cannot simply allege that Adecco USA acted negligently. Rather, he must allege facts which, if proven, would support his claim. Typically, plaintiffs bring negligence claims for negligent hiring, supervision, or retention. A negligent hiring claim "exists in any situation where a third party is injured by an employer's own negligence in failing to select an employee fit or competent to perform the services of employment." *Maisano v. Congregation Or Shalom*, No. NHCV074027175S, 2009 WL 415696, at *6 (Conn.Super.Ct. Jan. 26, 2009). A negligent supervision claim requires the plaintiff to plead and prove that he suffered an injury "due to the defendant's failure to supervise an employee whom the defendant had a duty to supervise." *Abate v. Circuit–Wise, Inc.*, 130 F.Supp.2d 341, 344 (D.Conn.2001). A negligent retention claim requires a plaintiff to prove that "during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicate his unfitness and the employer fails to take further action." *Doe v. Abrahante*, No. CV 97040311 S, 1998 WL 225089, at *1 (Conn.Super.Ct. Apr. 28, 1998).

Chylinski has not stated claims under any of these causes of action. As to hiring, Chylinski has not alleged, for example, that Adecco USA knew that Bianca Bingham might create a hostile work environment and that it hired her notwithstanding

its knowledge of that fact, or that it otherwise knew that hiring her might result in harm to third persons. As to supervision, he does not allege that Adecco USA failed to supervise Ms. Bingham. Nor does he allege that the staffing agency, as opposed to the Bank, had a duty to supervise Ms. Bingham. As to retention, Chylinski does allege, in Count Three, that Ms. Bingham was negligently retained after Chylinski alerted Bank of America, N.A. that she had allegedly harassed him. However, in Chylinski's CHRO Complaint Affidavit, he states that, after he reported the alleged harassment to his supervisors, they took action—by transferring him, at his request, to a different area in the building, away from Ms. Bingham. While Chylinski alleges in his letter to the CHRO that Bingham continued to appear "unannounced and uninvited in violation of her agreement" following his transfer, Chylinski makes no further allegations of sexual harassment on her part. Following the transfer, Chylinski never again worked in the same area as Bingham, and Bingham's employment was terminated soon thereafter. Therefore, even if Adecco USA ever became aware of alleged problems with Ms. Bingham's behavior (which Chylinski has not alleged), Chylinski has not alleged any damages that resulted to him from any negligence by Adecco USA in retaining Ms. Bingham after learning of her alleged behavior. Chylinski's allegations, therefore, do not support a claim of negligent employment, and Count Two is dismissed for failure to state a claim upon which relief can be granted.

### B. Count Three: Maria Bernacki

■ In Count Three, Chylinski brings claims against Maria Bernacki for negligent hiring and negligent retention of Ms. Bingham after Chylinski "alerted Bank management alleging sexual harassment." First Am. Compl. at ¶ 9. Bernacki, accord-

ing to Chylinski's allegations, is a branch manager for Adecco USA.

Chylinski's claims against Bernacki fail for the same reasons that his claim against Adecco USA fails. As to hiring, Chylinski has not alleged how Bernacki was negligent in hiring Bingham, or that Bernacki had any awareness of Bingham's unfitness. As to retention, he has not alleged that "Bank management," to whom Chylinski reported the alleged harassment, ever informed Bernacki of Chylinski's allegations against Bingham. Nor has he alleged that Bernacki otherwise became aware of the allegations, or that Bernacki acted negligently in retaining Bingham as an employee following Chylinski's allegations.

■ Alternatively, Chylinski's claims against Bernacki fail because plaintiff has brought Count Three against the branch manager, Maria Bernacki, rather than against Adecco USA. Connecticut courts have not recognized a claim for negligent hiring or retention brought against a manager, as opposed to the employer itself. See Seguro, 82 Conn.App. at 196, 844 A.2d 224 (noting that in a variety of jurisdictions "employers may be directly liable for the negligent hiring, retention or supervision of an employee") (emphasis added); Maisano, 2009 WL 415696, at *6 (rejecting plaintiff's negligent hiring claim brought "against an individual as opposed to an employer"). Count Three is therefore dismissed for failure to state a claim upon which relief can be granted.

### C. Count Four: Mark Noble

■ Chylinski alleges that Mark Noble, who represented Bank of America at the Connecticut Commission on Human Rights and Opportunities (CHRO), engaged in "misrepresenting and falsifying a sexual harassment termination charge by the plaintiff in a state agency hearing (CCHRO) and investigation which resulted

in an arbitrary and capricious decision ruled upon the plaintiff." First Am. Compl. at ¶ 10. The court construes Count Four as alleging that Noble made false verbal and/or written statements to the Connecticut Commission on Human Rights and Opportunities, with the result that the CHRO did not uphold Chylinski's claim.

Noble's statements are not actionable. As a judge of this court recently explained:

> In Connecticut, parties to or witnesses before judicial or quasi-judicial proceedings are entitled to absolute immunity for the content of statements made therein. The rationale for this grant of immunity is a desire not to chill speech in such proceedings. For this reason, the immunity also applies to words used in the pleadings and documents used to prosecute the suit.... Proceedings held before the EEOC and the Commission on Human Rights and Opportunities ("CHRO") ... are quasi-judicial.

*Ceslik v. Miller Ford, Inc.*, 584 F.Supp.2d 433, 445 (D.Conn.2008) (internal citations and quotation marks omitted). The alleged misrepresentations and falsifications involved the CHRO's hearing and investigation. Because Noble made the alleged statements in the context of a quasi-judicial proceeding, he is entitled to absolute immunity for making the statements. Therefore, Count Four is dismissed for failure to state a claim upon which relief can be granted.

### D. *Count One: Bank of America, N.A.*

#### 1. Negligence Claim

In Count One, Chylinski alleges "negligence" in addition to causes of action under Title VII of the Civil Rights Act of 1964. Chylinski does not specify the acts to which his cause of negligence are directed, nor does he allege the manner in which Bank of America, N.A., was negligent. Accordingly, this conclusory allegation of negligence is dismissed.

#### 2. National Origin Discrimination Claim

On October 17, 2008, this court dismissed Chylinski's claims of national origin discrimination for failure to exhaust administrative remedies. Specifically, the court held that Chylinski failed first to present his claims to the EEOC or the equivalent state agency before filing in federal court, and his failure to exhaust could not be excused on the grounds that his claim was "reasonably related" to allegations included in an administrative charge. *See Butts v. City of New York Dep't of Housing Pres. and Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993), *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Service Care*, 163 F.3d 684 (2d Cir.1998). Chylinski cannot now add his previously dismissed claim, and accordingly, his allegation of national origin discrimination is dismissed.

#### 3. Sex Discrimination Claims

Federal Rule of Civil Procedure 8 requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In their initial Motions to Dismiss, defendants objected that Chylinski had not put them on fair notice of the grounds on which his hostile work environment claim rested. In its Ruling on October 17, 2008, this court dismissed Chylinski's sex discrimination claims on the ground that his Complaint did not give the defendant fair notice of the basis for his claims and the grounds upon which they rest. The court specifically instructed Chylinski to file an Amended Complaint that complied with Rule 8 and the court's directions in pages 8–10 of its Ruling, in order to give the defendants fair notice of his hostile work environment claim. Defendant Bank of America, N.A. again asks the court to dismiss Chylinski's First Amended Complaint on the grounds that it

fails to satisfy the notice pleading requirements.

In his First Amended Complaint, Chylinski pleads claims of hostile work environment and retaliation. While the complaint remains bare-bones, the court is mindful of its need to construe pro se complaints generously. *See Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir.2007) (citing *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam)). Therefore, in considering whether Chylinski's First Amended Complaint has stated one or more claims upon which relief can be granted, the court will also take account of the CHRO Complaint Affidavit and, in part, his letter to the CHRO attached to his initial Complaint in this action.

The court will first address the extent to which it will consider Chylinski's letter. In the rambling, forty-page letter, Chylinski makes references to sexual harassment and the Bank's alleged failure to investigate his claim, and includes several statements that do not appear in his First Amended Complaint or Complaint Affidavit. Specifically, Chylinski makes reference to several additional statements allegedly made by Bingham (pages 18 and 20), as well as to statements made by Donna Spicer (pages 28–30). Chylinski also notes in his letter that, after he moved his workstation, "The harasser, Ms. Bingham, would continue appearing unannounced and uninvited in violation of her agreement...." (Page 31).

In addition to the material contained in the First Amended Complaint and Complaint Affidavit, the court will consider these statements (pages 18, 20, 28–30, 31) in determining whether Chylinski has stated a claim. The court finds that these statements are stated with sufficient clarity to put defendant Bank of America on notice of Chylinski's claim. The court will not, however, further scour the letter for facts that could support his sex discrimination claims. To do so would be unfair to the defendant, which is entitled to fair notice of the grounds on which Chylinski's claim rests so that it can defend itself against his claim.

### a. Hostile Work Environment

■ "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discrimination] ... because of ... sex.'" *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). "To state a claim for a hostile work environment in violation of Title VII, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (citations omitted).

The bar for demonstrating harassment at the pleading stage is not high. A plaintiff "need only plead facts sufficient to support the conclusion that she was faced with 'harassment ... of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse....'" *Id.* (quoting *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir.2003)).

In his First Amended Complaint, Chylinski states that his complaint alleges the creation of a hostile work environment, and that his co-worker, Bianca Bingham, sexually harassed him. He notes that he communicated his allegations to his direct supervisor and senior management, and that his employment was terminated. In his CHRO Complaint Affidavit, he recounts that Ms. Bingham harassed him by

making a "lewd and sexually inappropriate remark toward me that was unwelcome," and he specified the content of the remark. He told his supervisors of the remark, that he was "embarrassed and appalled" by it, and that he wished to be transferred. He was transferred and no longer worked in proximity to Ms. Bingham. In his letter, he alleges additional statements directed at him by Ms. Bingham, statements made to him by Donna Spicer, and that Ms. Bingham continued to appear "unannounced and uninvited" at his workstation following his move.

Construing these allegations in the light most favorable to Chylinski, the court concludes that, while thin, Chylinski has adequately alleged a claim of hostile work environment. The Second Circuit has identified the factors that courts are to consider in determining whether a hostile work environment exists:

> Among the factors to consider when determining whether an environment is sufficiently hostile are the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.... As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.

*Terry,* 336 F.3d at 148 (citations and internal quotation marks omitted). Chylinski has alleged facts from which a factfinder could conclude that the conduct to which he was subjected—in particular, the multiple lewd remarks by Ms. Bingham—meets this standard. Chylinski alleges that Bingham directed repeated offensive comments at him, that his supervisors initially declined his request to have his workstation transferred, and that after he was transferred, Bingham continued to appear

at his new workstation and stare at him while he worked. *See* Letter to CHRO, pages 18, 20, 31. The alleged conduct qualifies as "frequent." The unwelcome remarks do not appear to have been physically threatening, but Bingham's remarks were specifically directed at him, and he has alleged that they in fact humiliated him. The severity of the alleged statements appears to be relatively mild. However, the statements, as alleged, were sufficiently frequent and humiliating as to have interfered with Chylinski's work performance, given his request to move his workstation. Even though Chylinski's employer transferred him out of the proximity of the alleged harasser, he has alleged that the harasser continued to appear at his desk. Accepting Chylinski's alleged facts as true, the court finds that Chylinski has adequately stated a claim of hostile work environment.

### b. Retaliation

▮▮▮ To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) he participated in a protected activity; (2) the protected activity was known to the defendant; (3) the defendant took an employment action disadvantaging him; and (4) there exists a causal connection between the protected activity and the adverse action. *Patane,* 508 F.3d at 115 (citation omitted); *Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.,* 136 F.3d 276, 292 (2d Cir.1998). The court finds that he has adequately stated a retaliation claim.

Chylinski has adequately alleged that he participated in a protected activity known to the defendant. Specifically, he alleges that, on various dates in December 2005, he made specific complaints of sexual harassment to his supervisor and members of senior management. Making a complaint of harassment on the basis of sex is a quintessential "protected activity." *See*

*Burlington Northern and Santa Fe Ry. Co. v. White,* 548 U.S. 53, 59–60, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). Chylinski has adequately alleged that Bank of America took an employment action disadvantaging him, namely that he was terminated. Finally, he has adequately alleged that the termination was in retaliation for his complaints of sexual harassment. While he alleges that he complained of sexual harassment in December 2005 and his termination did not take place until May 2006, Chylinski has alleged various actions that his employer took during that six-month time period—refusing to adequately investigate his complaint of sexual harassment, giving him a negative performance evaluation, refusing to transfer him back to his original area of employment, following him out of the parking lot, and refusing his request to meet with a member of senior management to work out differences between he and a supervisor—that plausibly may serve to temporally link his complaint of sexual harassment and his termination. These allegations are sufficient to survive a motion to dismiss.

## III. CONCLUSION

For the foregoing reasons, the court rules as follows:

The court GRANTS defendants Adecco USA and Maria Bernacki's Motion to Dismiss (Doc. No. 67). Counts Two and Three are DISMISSED, and the Clerk is directed to terminate defendants Adecco USA and Maria Bernacki.

The court GRANTS IN PART and DENIES IN PART defendants Bank of America, N.A., and Mark Noble's Motion to Dismiss (Doc. No. 65), as follows: Count Four is DISMISSED, and the Clerk is directed to terminate defendant Mark Noble. To the extent Count One seeks to state a claim for negligence, that claim is dismissed. To the extent Count One seeks

to state a claim for hostile work environment and retaliation, those claims survive.